**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SERGEY CHERNYSH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHEMBIO DIAGNOSTICS, INC., RICHARD L. EBERLY, AND GAIL S. PAGE,<br><br>Defendants. | Civ. A. No. 2:20-cv-02706-ARR-ARL |
| JAMES GOWEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHEMBIO DIAGNOSTICS, INC., RICHARD L. EBERLY, AND GAIL S. PAGE,<br><br>Defendants. | Civ. A. No. 2:20-cv-02758-ARR-ARL |
| ANTHONY BAILEY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHEMBIO DIAGNOSTICS, INC., RICHARD L. EBERLY, GAIL S. PAGE, AND NEIL. A GOLDMAN<br><br>Defendants. | Civ. A. No. 2:20-cv-02961-ARR-ARL |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF**
**JAY PATEL FOR CONSOLIDATION OF THE RELATED ACTIONS, APPOINTMENT**
<u>**AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL**</u>

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................ 1

II.    SUMMARY OF THE ACTION AND PROCEDURAL BACKGROUND ..................... 2

III.   ARGUMENT ...................................................................................................... 4

       A.    The Related Actions Should Be Consolidated……………………………………4

       B.    The PSLRA Standard for Appointing Lead Plaintiff ............................... 5

       C.    Jay Patel Is the "Most Adequate Plaintiff" under the Exchange Act ......................... 6

             1.    Jay Patel Has Satisfied the PSLRA's Procedural Requirements ...................6

             2.    Jay Patel Has the Largest Financial Interest in the Relief Sought by the
                   Class .............................................................................................7

       C.    Jay Patel Is Qualified Under Rule 23 .................................................... 7

             1.    Jay Patel's Claims Are Typical of the Claims of the Class ..............................8

             2.    Jay Patel Will Fairly and Adequately Represent the Class' Interests ...............9

             3.    This Court Should Approve Jay Patel's Choice of Counsel...........................10

IV.    CONCLUSION.................................................................................................. 10

i

## TABLE OF AUTHORITIES

**Cases**

*Baughman v. Pall Corp.*,
 250 F.R.D. 121 (E.D.N.Y. 2008)…………………………………………………………8

*In re Deutsche Bank Aktiengesellschaft Sec. Litig.*,
 No. 16cv03495, 2016 WL 5867497 (S.D.N.Y. Oct. 4, 2016) ........................................ 7, 8, 10

*In re Drexel Burnham Lambert*,
 960 F.2d 285 (2d Cir. 1992).......................................................................................... 9

*Faig v. Bioscrip, Inc.*,
 No. 13-cv-6922, 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013)………………………………...4

*Indergit v. Rite Aid Corp.*,
 293 F.R.D. 632 (S.D.N.Y. 2013) .................................................................................. 9

*Johnson v. Celotex Corp.*,
 899 F.2d 1281, 1284 (2d Cir. 1990)…………………………………………………………4

*Kaplan v. Gelfond*,
 240 F.R.D. 88 (S.D.N.Y. 2007)………………………………………………………………...4

*KuxKardos v. Vimpelcom, LTD.*,
 151 F. Supp.3d 471………………………………………………………………………...4

*Logan v. QRx Pharma Ltd.*,
 No. 15 CIV. 4868, 2015 WL 5334024 (S.D.N.Y. Sept. 14, 2015)........................................... 8

*Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*
 2010 WL 3924862, (E.D.N.Y. August 17, 2010)……………………………………………8

**Statutes**

15 U.S.C. § 78j(b) ..................................................................................................... 1

15 U.S.C. § 78t(a) ..................................................................................................... 1

15 U.S.C. § 78u-4, *et seq.* ......................................................................................... passim

**Rules**

Fed. R. Civ. P. 23 ..................................................................................................... 1, 7, 9

Putative class member Jay Patel ("Patel"), by his counsel, respectfully submits this Memorandum of Law pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for entry of an order: (i) consolidating the above-captioned related securities class actions ("Related Actions"); (ii) appointing Patel as Lead Plaintiff in the Related Actions; (iii) approving Patel's selection of the law firm of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") to serve as Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.

Mr. Patel believes that he has the largest financial interest in the outcome of this litigation and is thus presumptively entitled to be appointed Lead Plaintiff and that its choice of counsel should be approved.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

## I.    INTRODUCTION

Presently pending in this District are at least three related securities class actions brought pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, against Chembio Diagnostics, Inc. ("Chembio" or the "Company"), Richard L. Eberly ("Eberly"), and Gail S. Page, and Neil A. Goldman (the "Defendants"), for violations of federal securities laws on behalf of all persons and entities who purchased or otherwise acquired Chembio securities  between March 12, 2020 and June 16, 2020, both dates inclusive (the "Class Period").[1]

---

[1] The Class Period alleged in the *Chernysh* and *Bailey* actions is April 1, 2020 through June 16, 2020, inclusive. The Class Period alleged in the *Gowen* action is March 12, 2020 through June 16, 2020, inclusive. For purposes of determined financial interest, the longer class period alleged in the *Gowen* action is used to determine which movant has the largest financial interest. *See In re Bank of America Corp. Secs., Deriv. and ERISA Litig.,* 258 F.R.D. 260, 269 (S.D.N.Y. 2009) (determining largest financial interest based upon the "longest class period identified"); *see also In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113–14 (E.D.N.Y. 2012).

Pursuant to the PSLRA, this Court must appoint the member or members of the class "most capable of adequately representing the interests of class members" to serve as lead plaintiff.  15 U.S.C. §§ 78u-4(a)(3)(B)(i).  Mr. Patel believes he is entitled to appointment as Lead Plaintiff as the movant with the largest financial interest that otherwise meets the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure.  Mr. Patel also respectfully requests that the Court approve Kaplan Fox as Lead Counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v) ("the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").

## II.    SUMMARY OF THE ACTION AND PROCEDURAL BACKGROUND

On June 18, 2018, the Action was filed, alleging violations of Sections 10(b) and 20(a) of the Exchange Act on behalf of a class of purchasers of Chembio common stock.  Also on June 18, 2020, in accordance with 15 U.S.C. § 78u-4(a)(3)(A)(i) of the PSLRA, notice of the Action was published to class members on *Globe Newswire* (the "Notice") advising purchasers of Chembio common stock of the existence of a lawsuit against Defendants and the nature of Defendants' statements, omissions and alleged conduct.  *See* Declaration of Jeffrey P. Campisi in Support of the Motion of Jay Patel for Appointment as Lead Plaintiff, Consolidation of the Related Cases, and Approval of its Selection of Lead Counsel ("Campisi Decl."), dated August 17, 2020, Ex. A. The Notice further advised class members of their right to move the Court to be appointed Lead Plaintiff within 60 days.  The *Bailey* Action, filed on July 3, 2020, brings claims on behalf of purchasers of Chembio securities.

Accordingly, Mr. Patel now moves this Court to be appointed as Lead Plaintiff.

Chembio purports to be a leading point-of-care (POC) diagnostics company focused on detecting and diagnosing infectious diseases. According to the action, the Company also claims its patented Dual Path Platform (DPP) technology platform, which uses a small drop of blood from

2

the fingertip, provides high-quality, cost-effective results in approximately 15 minutes. (Compl. ¶ 2).[2] Furthermore,  the Company asserts that its products "meet the highest standards for accuracy and superior performance to help prevent the spread of infectious diseases" and that its "innovative" solutions, like the Chembio Dual Path Platform (DPP®), make POC testing faster, more accurate, and more cost effective." *Id* at ¶ 3.

In light of the COVID-19 pandemic, the Company focused on the development and commercialization of a serological or antibody test. *Id*. at ¶ 4. Chembio's antibody test was one of the first antibody tests authorized by the FDA during the COVID-19 public health emergency. *Id*.

During the Class Period, Defendants represented that its DPP COVID-19 serological POC test for the detection of IgM and IgG antibodies aided in determining current or past exposure to the COVID-19 virus, that its test provides high sensitivity and specificity, and was 100% accurate. *Id*. at ¶ 5.  Test sensitivity is the ability of a test to correctly identify those with the disease (true positive rate), whereas test specificity is the ability of the test to correctly identify those without the disease (true negative rate). *Id*.

On June 16, 2018 the truth was revealed when the U.S. Food and Drug Administration ("FDA") issued a press release disclosing that it had revoked the Company's Emergency Use Authorization ("EUA") for the Company's DPP COVID-19 IgM/IgG System "due to performance concerns with the accuracy of the test." *Id*. at ¶ 8. Further, the FDA letter states that "this test generates a higher than expected rate of false results and higher than that reflected in the authorized labeling in the device." *Id*.

Following this news, the Company filed a report with the SEC on Form 8-K that acknowledged receipt of the FDA's June 16, 2020 letter. *Id*. at ¶ 9.  As a result of the disclosure

---

[2] "Compl., ¶ __" refers to the allegations in the *Chernysh* Action.

of the FDA letter and the Company's acknowledgement thereof, Chembio shares declined from a closing price on June 16, 2020 of $9.93 per share to close at $3.89 per share on June 17, 2020, a decline of $6.04 per share, or over 60% on heavier than usual volume of over 25 million shares. *Id*. at ¶ 10.

## III.  ARGUMENT

### A.  The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [] has been filed," courts shall appoint a lead plaintiff "after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also Faig v. Bioscrip, Inc.*, No. 13-cv-6922, 2013 WL 6705045, at *1 (S.D.N.Y. Dec. 19, 2013) ("The Court must decide whether to consolidate the actions before deciding on the competing motions for appointment as lead plaintiff.").  There are three related securities class actions pending in this District on behalf of investors who purchased Chembio common stock or securities at artificially inflated prices.  *See* § I, *supra*.

Under Rule 42(a), consolidation is appropriate where the actions involve common questions of law or fact.  *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); *KuxKardos v. Vimpelcom, LTD.*, 151 F. Supp.3d 471, 474; *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, No. CV 09-3007(SJF)(AKT), 2010 WL 3924862, at *2 (E.D.N.Y. Aug. 17, 2010); and *Baughman v. Pall Corp.*, 250 F.R.D. 121, 124 (E.D.N.Y. 2008).  The Court has "broad discretion to determine whether consolidation is appropriate" under Rule 42(a). *Bioscrip*, 2013 WL 6705045, at *1 (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *KuxKardos*, 151 F. Supp. 3d at 475 (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)).  Courts have recognized that class action shareholder suits are well-suited for

4

consolidation because unification conserves judicial resources, expedites pretrial proceedings, reduces case duplication, and lessens the confusion and delay that may result from prosecuting related class action cases separately.  *See*, *e.g.*, *Kaplan*, 240 F.R.D. at 92 (consolidating securities class actions with common allegations noting "the well[-]recognized principle that the consolidation of stockholders' suits often benefits both the courts and the parties by expediting pretrial proceedings, avoiding duplication of discovery, and minimizing costs") (internal citation omitted).

The Related Actions concern the same or similar parties, arise out of the same or similar courses of misconduct during substantially similar class periods, and involve substantially similar alleged issues of fact and law.   Accordingly, consolidation of the Related Action is appropriate.

### B.  The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§ 78u-4(a)(1), 78u-4(3)(B)(i).  Specifically, within 20 days after the date on which a class action is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –

> (I)   of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)  that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Further, the PSLRA directs the Court to consider any motions by plaintiffs or purported class members to serve as Lead Plaintiff in response to any such notice within 90 days after the

5

date of publication of the notice, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. 15 U.S.C. § 78u-4(a)(3)(B).

Under the relevant sections of the Exchange Act, the Court "shall" appoint the "most adequate plaintiff," and is to presume that plaintiff is the person which:

> (aa)   has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### C.   Jay Patel Is the "Most Adequate Plaintiff" under the Exchange Act

Mr. Patel respectfully submits that he is the "most adequate plaintiff" because he has complied with the PSLRA procedural requirements, holds the largest financial interest of any movant, and satisfies Rule 23's typicality and adequacy requirements. Mr. Patel has duly signed and filed a certification stating that he is willing to serve as the representative party on behalf of the class, and has losses of approximately $78,987 as a result of his purchase of Chembio securities. *See* Campisi Decl., Ex. B (plaintiff certification); Ex. C (Mr. Patel's loss chart). Finally, Jay Patel has selected and retained counsel experienced in the prosecution of securities class actions to represent the class. *See id.*, Ex. D (Kaplan Fox Firm Resume). Accordingly, Mr. Patel satisfies the PSLRA's filing requirements for seeking appointment as lead plaintiff and, therefore should be appointed Lead Plaintiff.

### 1.   Jay Patel Has Satisfied the PSLRA's Procedural Requirements

The Action was filed on June 18, 2020 and Notice was published over the *Globe Newswire* national wire service the same day. *See id.*, Ex. A. Accordingly, the time period in which class

6

members may move to be appointed lead plaintiff in this case expires on August 17, 2020. *See* 15 U.S.C. § 78u-4(a)(3)(A). Pursuant to the PSLRA's provisions, and within the requisite time frame after publication of the required notice, Mr. Patel timely moved this Court to be appointed lead plaintiff on behalf of all members of the class.

### 2. Jay Patel Has the Largest Financial Interest in the Relief Sought by the Class

Under the relevant sections of the Exchange Act, a rebuttable presumption exists whereby the plaintiff with the largest financial interest in the litigation and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most adequate plaintiff to lead the action. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Here, Mr. Patel suffered substantial losses as a result of purchasing Chembio securities at artificially inflated prices during the Class Period. *See* Campisi Decl., Ex. C. Jay Patel is not aware of any other movant with a larger financial interest and believes he has the largest financial interest of any lead plaintiff movant. Therefore, Mr. Patel believes he is presumptively entitled to appointment as the Lead Plaintiff.

### D. Jay Patel Is Qualified Under Rule 23

The PSLRA provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

    (1)    the class is so numerous that joinder of all members is impracticable;

    (2)    there are questions of law or fact common to the class;

    (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

    (4)    the representative parties will fairly and adequately protect the interests of the class.

7

Fed. R. Civ. P. 23(a).

"Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative." *See In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16cv03495, 2016 WL 5867497, at *4 (S.D.N.Y. Oct. 4, 2016) ("For the purposes of appointment as lead plaintiff pursuant to the PSLRA, however, 'the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.'") (citation omitted); *Pompano Beach Police & Firefighters' Ret. Sys.*, 2010 WL 3924862, at *5; *Baughman*, 250 F.R.D. 121, at 126.  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  As detailed below, Mr. Patel satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying his appointment as Lead Plaintiff for the Action.

### 1.      Jay Patel's Claims Are Typical of the Claims of the Class

The typicality requirement of Rule 23(a) is satisfied when (1) the claims of the proposed lead plaintiff arise from the same course of conduct that gives rise to the other purported class members' claims, (2) the claims are based on the same legal theory, and (3) the purported class members and proposed lead plaintiff were injured by the same conduct.  *See, e.g.*, *In re Deutsche Bank*, 2016 WL 5867497, at *5 ("The typicality requirement is satisfied if each class member's claim 'arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'") (internal citations omitted).

The claims asserted by Mr. Patel are based on the same legal theory and arise out of the same course of events as the other purported class members' claims.  Mr. Patel purchased Chembio securities, as did each member of the proposed class, at prices artificially inflated by Defendants'

8

false and misleading statements and was damaged thereby. *Logan v. QRx Pharma Ltd.*, No. 15 CIV. 4868, 2015 WL 5334024, at \*3 (S.D.N.Y. Sept. 14, 2015) (finding the typicality requirement met where movants' claims and injuries arose from the same conduct from which the other class members' claims and injuries arose). Thus, Mr. Patel satisfies the typicality requirement of Rule 23(a).

**2.       Jay Patel Will Fairly and Adequately Represent the Class' Interests**

Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4). A lead plaintiff is adequate where it has retained counsel that is "qualified, experienced and generally able to conduct the litigation" and does not have interests that are "antagonistic" to the class that it seeks to represent. *Indergit v. Rite Aid Corp.*, 293 F.R.D. 632, 654 (S.D.N.Y. 2013) (citing *In re Drexel Burnham Lambert*, 960 F.2d 285, 291 (2d Cir. 1992)). Here, Mr. Patel's interests are clearly aligned with the members of the proposed class, and there is no evidence of any antagonism between Mr. Patel's interests and those of the class. As detailed above, Mr. Patel claims raise similar questions of law and fact as claims of the members of the class, and his claims are typical of the members of the class.

Further, Mr. Patel has demonstrated his adequacy and willingness to serve as and assume the responsibilities of a lead plaintiff. *See* Campisi Decl., Ex. B. Having suffered substantial losses, he will be a zealous advocate on behalf of the class. In addition, Mr. Patel has selected Kaplan Fox—counsel highly experienced in prosecuting securities class actions—to represent him. *See* Firm Resume of Kaplan Fox & Kilsheimer LLP, Ex. D. Thus, the close alignment of interests between Mr. Patel and other class members, and his strong desire to prosecute the Action on behalf of the class, provide ample reason to grant Mr. Patel's motion for appointment as Lead

Plaintiff in the Action. Accordingly, Mr. Patel satisfies the prerequisites for appointment as Lead Plaintiff pursuant to the Exchange Act.

### 3. This Court Should Approve Jay Patel's Choice of Counsel

The Exchange Act vests authority in the lead plaintiff to select and retain lead counsel, subject only to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also In re Deutsche Bank*, 2016 WL 5867497, at *5 ("There is a 'strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection.'") (citations omitted). Mr. Patel has retained Kaplan Fox to file moving papers on behalf of Mr. Patel seeking appointment as Lead Plaintiff and to serve as lead counsel to pursue this litigation on behalf of itself and the class. Kaplan Fox possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, including in this District. *See* Campisi Decl., Ex. D. Thus, the Court may be assured that, in the event the instant motion is granted, the members of the class will receive the highest caliber of legal representation available.

## IV. CONCLUSION

For all of the foregoing reasons, Mr. Patel respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint him Lead Plaintiff; (3) approve his selection of Kaplan Fox as Lead Counsel; and (4) grant such other relief as the Court may deem just and proper.

Dated: August 17, 2020                         Respectfully submitted,

*/s/ Jeffrey P. Campisi*
Donald R. Hall
Jeffrey P. Campisi
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980

10

Facsimile: (212) 687-7714
dhall@kaplanfox.com
jcampisi@kaplanfox.com

*Attorneys for Movant Jay Patel*

## CERTIFICATE OF SERVICE

I, Jeffrey P. Campisi, hereby certify that, on August 17, 2020, I caused the foregoing to be served on all counsel of record by filing the same with the Court using the CM\ECF system which will send electronic notices of the filing to all counsel of record.

*/s/ Jeffrey P. Campisi*
Jeffrey P. Campisi