**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Movant and Class*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERGEY CHERNYSH, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHEMBIO DIAGNOSTICS, INC., RICHARD L. EBERLY, AND GAIL S. PAGE,<br><br>Defendants. | **CASE No.: 2:20-cv-02706-ARR-ARL**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CRAIG ENGEL TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**CLASS ACTION** |
| JAMES GOWEN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHEMBIO DIAGNOSTICS, INC., RICHARD L. EBERLY, and GAIL S. PAGE,<br><br>Defendants. | **CASE No.: 2:20-cv-02758-ARR-ARL**<br><br>**CLASS ACTION** |

[Additional caption on next page]

1

| | |
|---|---|
| ANTHONY BAILEY, Individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>          v.<br><br>CHEMBIO DIAGNOSTICS, INC., RICHARD L. EBERLY, GAIL S. PAGE, and NEIL A. GOLDMAN,<br><br>          Defendants. | **CASE No.: 2:20-cv-02961-ARR-ARL**<br><br>**CLASS ACTION** |

Movant Craig Engel ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)     consolidating the above-captioned actions;

(b)     appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of Chembio Diagnostics, Inc. ("Chembio" or the "Company") securities between March 12, 2020 and June 16, 2020[1], both dates inclusive (the "Class Period"); and

---

[1] The actions *Chernysh v. Chembio Diagnostics, Inc., et al.*, 2:20-cv-02706-ARR-ARL (the "*Chernysh* Action") and *Bailey v. Chembio Diagnostics, Inc., et al.*, Case No. 2:20-cv-02758-ARR-ARL (E.D.N.Y.) ("*Bailey* Action") have a class period of April 1, 2020 through June 16, 2020, inclusive. The action *Gowen v. Chembio Diagnostics, Inc., et al.*, Case No. 2:20-cv-02961-ARR-ARL (E.D.N.Y.) ("*Gowen* Action") has a class period of March 12, 2020 through June 16, 2020. A more inclusive class period is favored at the lead plaintiff stage. *Deering v. Galena Biopharma, Inc.*, No. 3:14-CV-00367-SI, 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) (recognizing that courts commonly select "most inclusive class period" at lead plaintiff stage); *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113- 114 (E.D.N.Y. 2012) (court favoring a broader class which "encompasses more potential class members" early in the litigation at the lead plaintiff stage).

(c)      approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

The *Chernysh* Action was commenced on June 18, 2020 against the Company and certain of its officers and directors, for violations under the Exchange Act. That same day an early notice pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff was issued. *See* Ex. 1 hereto.

The related *Gowen* Action was filed on June 22, 2020, alleging the same Exchange Act allegations against the same defendants.

The related *Bailey* Action was filed on July 3, 2020, alleging the same allegations with the same Class Period and against the same defendants, adding Defendant Neil A. Goldman.

Chembio develops diagnostic solutions and offers products for treatment, detection, and diagnosis of infectious diseases. The Company claims to have developed and patented a new and innovative technology called the Dual Path Platform ("DPP"), which allows for rapid diagnostic testing of a variety of chemical substances.

The complaints allege that during the Class Period, Defendants made materially false and/or misleading statements and/or failed to disclose that: (1) Chembio's Dual Path Platform ("DPP") COVID-19 test did not provide high-quality results and there were material performance concerns with the accuracy of the Company's DPP COVID-19 test; (2) the Company's DPP COVID-19 test generates a higher than expected rate of false results and higher than that reflected in the authorized labeling for the device, and was not effective in detecting antibodies against COVID-19; (3) accordingly, it was not reasonable to believe that the test may be effective in detecting antibodies against COVID-19 and, as a result, there was a material risk

3

to public health from the false test results; (4) all the foregoing, once revealed, was foreseeably likely to have a material negative impact on the Company's financial results and reputation; and (5) as a result, the Company's public statements were materially false and misleading at all relevant times.

Throughout the Class Period, the Company made several statements which were materially false and/misleading, including the following. On March 12, 2020, the Company, touting its expertise and ability, announced that it had entered into a worldwide strategic partnership with LumiraDx Limited, a company focused on developing, manufacturing, and commercializing industry-leading point-of-care diagnostic platforms, with the aim of developing a diagnostic test for the detection of the COVID-19 virus and IgM and IgG antibodies on both of their DPP platforms.

On March 31, 2020, the Company issued a press release which touted its DPP platform, stating the following, in pertinent part: "The ability of the DPP platform to provide numerical results can aid clinicians in determining current or past exposure to the COVID-19 virus and monitoring infection progression, while avoiding the human interpretation errors associated with visual readings." Further, the press release stated: "The company's patented DPP technology platform, which uses a small drop of blood from the fingertip, provides highquality, cost-effective results in approximately 15 minutes."

On May 4, 2020, on a conference call with investors, Defendant Eberly stated the following, touting the Company's platform as the "accuracy DPP COVID-19 systems after 11 days post the onset of symptoms is 100% for total antibodies."

Then, on June 16, 2020, after the market closed, the U.S. Food and Drug Administration ("FDA") issued a press release disclosing that it had revoked the Company's Emergency Use Authorization ("EUA") for the its DPP COVID-19 Test. In a public announcement, the FDA

4

stated that its decision was "due to performance concerns with the accuracy of the test." More specifically, the FDA stated that the Company's DPP COVID-19 Test "generate[d] a higher than expected rate of false results and higher than that reflected in the authorized labeling for the device." As a result, the FDA concluded that the "test's benefits no longer outweigh its risks."

On this news, shares of Chembio fell $6.04 per share, or over 60%, to close at $3.89 per share on June 17, 2020, on unusually high trading volume, damaging investors. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

The above-captioned related actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors.

5

Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that…has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005). To calculate financial loss, the last-in-first-out ("LIFO") methodology is the preferred method. *Bo Young Cha v. Kinross Gold Corp.*, No. 12 CIV. 1203 PAE, 2012 WL 2025850, at *3 (S.D.N.Y. May 31, 2012) ("the overwhelming trend both in this district and nationwide has been to use LIFO to calculate such losses."); *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 295 (S.D.N.Y. 2010) ("courts in this district and others have stated a preference for LIFO over FIFO in assessing loss for purposes of the appointment of lead plaintiff.").

Movant lost approximately $41,550.00 in connection with his transactions in Chembio securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Chembio securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

---

[2] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.    Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about the Company's business. Movant's interests are closely aligned with

8

the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2. Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between its claims and those asserted on behalf of the Class. Movant also sustained financial losses from investments in Chembio securities and is therefore, extremely motivated to pursue claims in this action.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is

discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

## III. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching Movant's and the Class' claims as well as reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff of the Class; (3) approving the Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: August 17, 2020

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Movant and Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim