**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SERGEY CHERNYSH, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| v. | Case No.: 2:20-cv-02706-ARR |
| | Hon. Allyne R. Ross |
| CHEMBIO DIAGNOSTICS, INC., RICHARD L. EBERLY, and GAIL S. PAGE, | |
| Defendants. | |

| | |
|---|---|
| JAMES GOWEN, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| v. | Case No.: 2:20-cv-02758-ARR |
| | Hon. Allyne R. Ross |
| CHEMBIO DIAGNOSTICS, INC., RICHARD L. EBERLY, and GAIL S. PAGE, | |
| Defendants. | |

| | |
|---|---|
| ANTHONY BAILEY, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| v. | Case No.: 2:20-cv-02961-ARR |
| | Hon. Allyne R. Ross |
| CHEMBIO DIAGNOSTICS, INC., RICHARD L. EBERLY, GAIL S. PAGE, and NEIL A. GOLDMAN, | |
| Defendants. | |

*Caption continued on next page*

SPECIAL SITUATIONS FUND III QP, L.P. SPECIAL SITUATIONS CAYMAN FUND, L.P., AND SPECIAL SITUATIONS PRIVATE EQUITY FUND, L.P.,, Individually and On Behalf of All Others Similarly Situated,

     Plaintiff,

v.

CHEMBIO DIAGNOSTICS, INC., RICHARD L. EBERLY, GAIL S. PAGE, ROBERT W. BAIRD & CO. INC., and DOUGHERTY & COMPANY LLC.

     Defendants.

Case No.: 2:20-cv-02961-ARR

Hon. Allyne R. Ross

**MEMORANDUM OF LAW IN SUPPORT OF MICHAEL T. DOLAN'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND <u>APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

I.      FACTUAL BACKGROUND ...................................................................................2

II.     PROCEDURAL HISTORY...................................................................................5

III.    ARGUMENT .......................................................................................................5

    A.    Consolidation of the Actions Is Appropriate ................................................5

    B.    Appointing Mr. Dolan as Lead Plaintiff Is Appropriate.................................6

        1.    Mr. Dolan Filed a Timely Motion............................................................7

        2.    Mr. Dolan Has the Largest Financial Interest in the Relief Sought. .........................8

        3.    Mr. Dolan Satisfies the Relevant Requirements of Rule 23.....................................9

            a.    Mr. Dolan's Claims Are Typical. .......................................................9

            b.    Mr. Dolan Is an Adequate Representative.........................................10

    C.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate....................................11

IV.     CONCLUSION .................................................................................................12

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
324 F. Supp. 3d 335 (E.D.N.Y. 2018)..............................................................................6, 7

*In re Cendant Corp.*,
264 F.3d 201 (3d Cir. 2001) .................................................................................................10

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
269 F.R.D. 291 (S.D.N.Y. 2010) ...........................................................................................9

*Deinnocentis v. Dropbox, Inc.,*
No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020*)* ...................10

*Ferrari v. Impath, Inc.,*
2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004)........................................................5

*Ford v. VOXX Int'l Corp.,*
No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015)...............8

*Francisco v. Abengoa, S.A.*,
No. 15-cv-6279 (ER), 2016 U.S. Dist. LEXIS 68145 (S.D.N.Y. May 24, 2016) ..................11

*In re Gentiva Sec. Litig.,*
281 F.R.D. 108 (E.D.N.Y. 2012) ..........................................................................................8

*Isaacs v. Musk*,
No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717 (N.D. Cal. Nov. 27, 2018),..........10

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990)..............................................................................................4, 5

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008)..................................8

*Levin v. Res. Capital Corp.*,
No. 15-cv-7081 (LLS), 2015 U.S. Dist. LEXIS 162377 (S.D.N.Y. Oct. 5, 2016) ................11

*Martingano v. Am. Int'l Grp., Inc.,*
Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855 (E.D.N.Y. July 11, 2006) ............4

*Pope v. Navient Corp.*,
No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340 (D.N.J. Feb. 2, 2018) ...........10

*In re Sundial Growers Inc. Sec. Litig.,*
No. 1:19-cv-08913-ALC (S.D.N.Y. Dec. 20, 2019) ...........................................................10

ii

*In re Tesla, Inc. Sec. Litig.*,
  No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018) ...........10

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
  No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)...................9

*Weltz v. Lee*,
  199 F.R.D. 129 (S.D.N.Y. 2001) ...............................................................................................4

*Xiangdong Chen v. X Fin.*,
  No. 19-CV-6908-KAM-SJB, 2020 U.S. Dist. LEXIS 86292 (E.D.N.Y. May 13, 2020) .........7

*Zhang v. Valaris PLC, et al.*,
  No. 1:19-cv-07816-NRB (S.D.N.Y. Dec. 23, 2019)...........................................................10

**Statutes**

15 U.S.C. § 78u-4 ...................................................................................................passim

15 U.S.C. § 77z-1.....................................................................................................passim

**Rules**

FED. R. CIV. P. 23.................................................................................................... 1, 6, 8

Fed. R. Civ. P. 42(a)...................................................................................................4, 5

Michael T. Dolan ("Mr. Dolan") respectfully submits this memorandum of law in support of his motion ("Motion") to consolidate the above-captioned related actions, (the "Actions")[1], appoint him as lead plaintiff, and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to §21D of the Securities Exchange Act of 1934 (the "Exchange Act") and §27 of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of all persons who (1) purchased or otherwise acquired Chembio Diagnostics, Inc. ("Chembio" or the "Company") securities from March 12, 2020 through June 16, 2020, inclusive (the "Class Period")[2] and/or all persons who purchased Chembio common stock directly in or traceable to the Company's May 7, 2020 offering (the "May Offering") pursuant to Chembio's Form S-3 Registration Statement and its Prospectus and Prospectus Supplement, dated May 7, 2020 (together, the "Registration Statement"). The plaintiffs in the Related Actions allege violations of the Exchange and Securities Acts against Defendants Chembio, Richard L. Eberly ("Eberly"), Gail S. Page ("Page"), Neil A. Goldman ("Goldman"), Robert W. Baird & Co. Inc., and Dougherty & Company LLC[3] (collectively, the "Defendants").

---

[1] The four pending securities class actions are entitled: *Chernysh v. Chembio Diagnostics Inc. et al.*, 2:20-cv-02706-ARR (E.D.N.Y. June 18, 2020) (the "*Chernysh* Action"), *Gowen v. Chembio Diagnostics Inc. et al.*, 2:20-cv-02758-ARR (E.D.N.Y. June 22, 2020) (the "*Gowen* Action"); *Bailey v. Chembio Diagnostics Inc. et al.*, 2:20-cv-02961-ARR (E.D.N.Y. July 3, 2020) (the "*Bailey* Action"); and *Special Situations Fund III QP, et al. v. Chembio Diagnostics Inc. et al.*, 2:20-cv-03753 (E.D.N.Y. August 17, 2020) (the "*Special Situations* Action")

[2] The *Chernysh, Gowen, and Special Situations* Actions claim a class period of April 1, 2020 to June 16, 2020, inclusive, while the *Bailey* Action claims a class period March 12, 2020 to June 16, 2020, inclusive. The class period claimed in the *Bailey* Action of is the most inclusive of the Class Periods offered by the four pending Class Actions against Defendants. Mr. Dolan adopts the longest, most inclusive Class Period.

[3] Defendant Goldman is only named in the *Bailey* Action. Defendants Robert W. Baird & Co. Inc., and Dougherty & Company LLC are only named in the *Special Situations* Action.

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Mr. Dolan believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Mr. Dolan satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Mr. Dolan's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute these Actions.

## I.    FACTUAL BACKGROUND[4]

Chembio purportedly develops, manufactures, and commercializes point-of-care ("POC") diagnostic tests used to detect or diagnose diseases. *Chernysh* ¶ 2. Chembio purports to develop products that "meet the highest standards for accuracy and superior performance to help prevent the spread of infectious diseases" and that its "innovative solutions, like the Chembio Dual Path

---

[4] Citations to "*Chernysh* ¶ __" are to paragraphs of the Class Action Complaint (the "*Chernysh* Complaint") filed in the *Chernysh* Action. Citations to "*Gowen* ¶ __" are to paragraphs of the Class Action Complaint (the "*Gowen* Complaint") filed in the *Gowen* Action. . Citations to "*Special Situations* ¶ __" are to paragraphs of the Class Action Complaint (the "*Special Situations* Complaint") filed in the *Special Situations* Action.   Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Gowen, Chernysh, and Special Situations* Complaints. The facts set forth in the *Gowen, Chernysh, and Special Situations* Actions are incorporated herein by reference.
.

Platform (DPP®), make POC testing faster, more accurate, and more cost effective." *Chernysh* ¶ 3.

In response to the COVID-19 pandemic, Chembio primarily focused on the development and commercialization of a serological or antibody test, which was one of the first antibody tests approved by the FDA during the COVID-19 public health crisis. *Chernysh* ¶ 4.

Throughout the Class Period, Defendants touted its progress in developing the DPP COVID-19 Test, representing that the test successfully aided in determining current or past exposure to the COVID-19 virus, that it provided high sensitivity and specificity, and that it was 100% accurate. Defendants' overly positive progress updates convinced some entities to place purchase order for Chembio's DPP COVID-19 Tests worth millions of dollars. *Gowan* ¶ 4. These events, further boasted the price of Chembio shares, including on March 20, 2020, when Chembio common shares rose 54%. *Id.* The Company's representations ultimately drove the Company's stock from a closing price of $3.10 per share on March 11, 2020, to a Class Period high of $15.54 per share on April 24, 2020, an increase of more than 400%. *Id.*

On March 12, 2020, Chembio issued a press release titled, "Chembio and LumiraDx Limited ("LumiraDx") Announce COVID-19 Strategic Partnership." *Gowen* ¶ 23. The press release announced the Company's partnership with LumiraDx, a company focused on developing, manufacturing, and commercializing point-of-care diagnostic platforms, while primarily focusing on developing a diagnostic test for the detection of the COVID-19 virus and IgM and IgG antibodies on both of their DPP® platforms (the "DPP COVID-19 Test"). *Id.*

In response to the announcement of the partnership, Chembio's shares jumped 65% during pre-market trading. *Gowan* ¶ 3.

On May 7, 2020, Chembio filed the Registration Statement with the SEC, announcing a

3

public offering of its common stock. *Special Situations* ¶ 37. Thereafter, Defendants, including the Underwriter Defendants, offered and sold approximately 2,619,593 shares of Chembio common stock, which included 281,125 shares issued pursuant to the partial exercise by the underwriters of their option to purchase additional shares, at a public offering price of $11.75 per share for gross proceeds of approximately $30.8 million. *Id.*

The Registration Statement contained materially untrue statements when made. Among other materially untrue statements, Defendants represented that Chembio's DPP COVID- 19 serological POC test for the detection of IgM and IgG antibodies aided in determining current or past exposure to the COVID-19 virus, that its test provides high sensitivity and specificity, and was 100% accurate. *Special Situations* ¶ 38. Further, the Registration Statement failed to disclose that the Company had been made aware prior to its effective date that its DPP Covid-19 antibody test was less reliable than previously touted, and indeed was not sufficiently reliable for the FDA to maintain emergency use authorization status and thus the test's use would soon be discontinued. *Special Situations* ¶ 39.

The truth about Chembio's tests came to light on June 16, 2020, when the U.S. Food and Drug Administration ("FDA") issued a press release revealing that it had revoked the Company's Emergency Use Authorization ("EUA") for the Company's DPP COVID-19 Igm/IgG System. *Chernysh* ¶ 32. Specifically, the FDA stated that it had revoked the Company's EUA due to performance concerns with the accuracy of the test and had reasons to believe the test may not be effective in detecting antibodies against COVID-19. *Id.*

On the following day, June 17, 2020, Chembio filed a report with the SEC on Form 8-K acknowledging receipt of the FDA's June 16, 2020 letter. *Chernysh* ¶ 9. In response to these disclosures, Chembio shares declined from a closing price on June 16, 2020 of $9.93 per share to

4

close at $3.89 per share on June 17, 2020, a decline of over 60%, or $6.04 per share, on heavier than usual volume of over 25 million shares. *Chernysh* ¶ 33.

## II.   PROCEDURAL HISTORY

Pending before this Court are the four above-captioned related Actions against the Defendants. Plaintiff Sergey Chernysh ("Chernysh") commenced the first-filed action on June 18, 2020. On June 18, 2020, counsel acting on Chernysh's behalf published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Shannon L. Hopkins in Support of Mr. Dolan's Motion ("Hopkins Decl.").

## III.   ARGUMENT

### A.   Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. §78u-4(a)(3)(B)(ii); 15 U.S.C. §77z-1(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855, at *3-5 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, at *2 (S.D.N.Y. July

5

15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)); Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

### B.    Appointing Mr. Dolan as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B); 15 U.S.C. § 77z-1(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

(aa) has either filed the complaint or made a motion in response to a notice. . .

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

6

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); 15 U.S.C. §77z-1(a)(3)(B)(iii)(I).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. §78u-4(a)(3)(B)(iii)(II); 15 U.S.C. §77z-1(a)(3)(B)(iii)(II).

As set forth below, Mr. Dolan satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Mr. Dolan has, to the best of his knowledge, the largest financial interest in this litigation—having lost $176,818.01 as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23[5]. *See* Loss Chart, Ex. B to Hopkins Decl. In addition, Mr. Dolan is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Mr. Dolan respectfully submits that he should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1. Mr. Dolan Filed a Timely Motion.

On June 18, 2020, pursuant to Section 21D(a)(3)(A) of the Exchange Act , and Section 27 of the Securities Act, counsel for Chernysh published the Press Release on *Globe Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Chembio securities that

---

[5] Mr. Dolan also possesses losses totaling $30,780 pursuant to Section 11.

they had 60 days from the publication of the June 18, 2020 notice to file a motion to be appointed as lead plaintiff. *See* Press Release, Ex. C to Hopkins Decl.; *Xiangdong Chen v. X Fin.,* No. 19-CV-6908-KAM-SJB, 2020 U.S. Dist. LEXIS 86292, at *6 (E.D.N.Y. May 13, 2020) (filing a notice on *Globe Newswire* satisfied the PSLRA's notice requirement).

Mr. Dolan timely filed his motion within the 60-day period following publication of the June 18, 2020 Press Release and submitted herewith a sworn certification attaching his transactions in Chembio securities and attesting that he is willing to serve as a representative of the Class. *See* Hopkins Decl., Ex. A. By making a timely motion in response to a PSLRA notice, Mr. Dolan satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(aa).

### 2.    Mr. Dolan Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii), 15 U.S.C. §77z-1(a)(3)(B)(iii). At the time of this filing, Mr. Dolan believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Mr. Dolan acquired Chembio securities during the Class Period at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Mr. Dolan suffered an approximate loss of $176,818.01. *See* Hopkins, Ex. B. Mr. Dolan is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Mr. Dolan believes that he has the "largest financial interest in the relief

sought by the Class." Thus, Mr. Dolan satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3.   Mr. Dolan Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc); 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Mr. Dolan need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id.* at *6.

### a.   Mr. Dolan's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg.*

9

*Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Mr. Dolan's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Mr. Dolan alleges that Defendants' material misstatements and omissions concerning Chembio's business, operational and compliance policies, violated the federal securities laws. Mr. Dolan, like all members of the Class, purchased or otherwise acquired Chembio securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and were damaged thereby. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Mr. Dolan's interests and claims are "typical" of the interests and claims of the Class.

### b.    Mr. Dolan Is an Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Mr. Dolan has demonstrated his adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Actions, and Mr. Dolan's financial losses ensure that he has sufficient incentive to ensure the vigorous advocacy of the Actions. *See* Hopkins Decl., Ex. B. Mr. Dolan is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Furthermore, Mr. Dolan is ideally suited to act as an advocate and fiduciary of the Class. Mr. Dolan, located in Saint Paul, Minnesota, is a sophisticated investor with over forty years of investing experience. He possesses a business degree in marketing and is currently employed as a financial advisor at Colliers Securities, LLC. Accordingly, Mr. Dolan meets the adequacy requirement of Rule 23.

### C.     Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u- 4(a)(3)(B)(iii)(II)(aa); 15 U.S.C. §77z- 1(a)(3)(B)(iii)(II)(aa).

Here, Mr. Dolan has selected Levi & Korsinsky to pursue this litigation on his behalf and has retained the firm as the Class' Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Hopkins Decl. as Ex. D. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See, e.g., See Deinnocentis v. Dropbox, Inc.,* No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020*); Zhang v. Valaris PLC, et al.,* No. 1:19-cv-07816-NRB (S.D.N.Y. Dec. 23, 2019); *In re Sundial Growers Inc. Sec. Litig.,* No. 1:19-cv-08913-ALC (S.D.N.Y. Dec. 20, 2019); *Isaacs v. Musk*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717, at *20 (N.D. Cal. Nov. 27, 2018), *reconsideration denied sub nom. In re Tesla, Inc. Sec. Litig.*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec.

11

17, 2018) (noting Levi & Korsinsky "is experienced in securities fraud litigation and has been appointed Lead Counsel in other securities class actions."); *Pope v. Navient Corp.*, No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340, at \*13–14 (D.N.J. Feb. 2, 2018) (appointing Levi & Korsinsky as lead counsel as it "is clearly capable of handling this matter—the firm has extensive experience in private securities litigation and has received numerous favorable judgments in its past representations."); *Francisco v. Abengoa, S.A.*, No. 15-cv-6279 (ER), 2016 U.S. Dist. LEXIS 68145, at \*21 (S.D.N.Y. May 24, 2016) (noting that given "Levi & Korsinsky's track record, the Court, like many others in this Circuit before it, concludes that the firm is qualified to serve as lead counsel of the class"); *Levin v. Res. Capital Corp.*, No. 15-cv-7081 (LLS), 2015 U.S. Dist. LEXIS 162377, at \*4 (S.D.N.Y. Oct. 5, 2016) (appointing Levi Korsinsky as lead counsel and noting that it is "a firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions");  Thus, the Court may rest assured that by granting Mr. Dolan's motion, the Class will receive the highest caliber of legal representation possible.

## IV.   CONCLUSION

For the foregoing reasons, Mr. Dolan respectfully requests that the Court grant his Motion and enter an Order: (1) consolidating the Actions, (2) appointing Mr. Dolan as lead plaintiff, (3) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.

Dated: August 17, 2020                                   Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: /s/ *Shannon L. Hopkins*
Shannon L. Hopkins (SH-1887)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171

12

Email: shopkins@zlk.com

*Lead Counsel for Mr. Dolan and*
*[Proposed] Lead Counsel for the Class*

13