

**Lawrence Rolnick**
Partner

1251 Avenue of the Americas
New York, NY 10020
212.597.2838
lrolnick@rksllp.com

January 6, 2021

**VIA ECF**

The Hon. Arlene R. Lindsay
United States District Court
Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722

**Re:**    *Chernysh v. Chembio Diagnostics, Inc. et al.*, No.: 2:20-cv-02706-ARR-ARL

Dear Judge Lindsay:

We represent co-Lead Plaintiffs Special Situations Fund III QP, L.P., Special Situations Cayman Fund, L.P., and Special Situations Private Equity Fund, L.P. (the "Funds" or "co-Lead Plaintiffs") in the above-captioned consolidated securities class action (the "Class Action"). We write in connection with the Court's December 29, 2020 Order (the "Opinion and Order"), which appointed the Funds co-Lead Plaintiffs of the Class Action, along with the Municipal Employees' Retirement System of Michigan ("MERS"), and approved the Funds "choice of counsel" as "co-lead counsel." (*See* Exhibit 1 hereto (Opinion and Order) at 2.) As set forth in greater detail below, at the time the Funds moved for appointment as Lead Plaintiff, it was contemplated that during the pendency of the application that their attorneys at Lowenstein Sandler LLP ("Lowenstein") would transfer to a new firm, Rolnick Kramer Sadighi LLP ("RKS") and would continue to represent the Funds as lead counsel at their new firm. The expected transfer was set forth in the Funds' briefs, their affidavit in support of appointment, and in the retainer agreement between counsel and the Funds. The Funds' selected counsel has now left Lowenstein and joined RKS as expected at the time of the application. Accordingly, the Funds respectfully request that the Court revise the Opinion and Order pursuant to Federal Rule of Civil Procedure 60(a) to amend *nunc pro tunc* two references to Lowenstein, and instead reference RKS as the Funds' selection of counsel and co-lead counsel for the Class. We have conferred with counsel for Defendants[1] and MERS's counsel at Robbins Geller Rudman & Dowd LLP (co-Lead Counsel to the Class), who advise that they do not object to the Funds' application.

---

[1] The Defendants in this consolidated class action are Chembio Diagnostics, Inc., Richard L. Eberly, Gail S. Page, Robert W. Baird & Co. Inc. and Dougherty & Company LLC.

On August 17, 2020, the Funds filed a motion for appointment as Lead Plaintiffs of this action, for approval of their selection of Lead Counsel, and for consolidation of all Chembio-related securities class actions in this District.  [ECF No. 22].  At the time, undersigned counsel – Lawrence M. Rolnick, Marc B. Kramer, Steven M. Hecht, Brandon Fierro, and Jennifer A. Randolph – were members of the securities litigation group at Lowenstein Sandler (the "Securities Litigation Group").  [*See id.*].   The Funds' brief in support of the motion (the "Moving Brief") advised the Court that the Securities Litigation Group "[was] forming a new firm, Rolnick Kramer and Sadighi LLP ('RKS'), effective September 1, 2020, and departing Lowenstein Sandler."  [ECF No. 23 at 17].  The Moving Brief explained that the Funds' "intent at that time, or as soon thereafter as is practicable, [was] to substitute in RKS for Lowenstein Sandler as Lead Counsel for the Classes."  [*Id.*].  In connection with their motion, the Funds submitted an affidavit from their Executive Vice President, David Greenhouse, which explained that "it is the Funds' intent" "to substitute in RKS for Lowenstein Sandler as Lead Counsel for the Classes," because the lawyers at RKS have previously "achieved excellent results for the Funds in . . . [prior] securities class actions and we believe they will do the same" in this case.  [*See* ECF No. 24-5 ¶ 6].  The engagement letter executed by the Funds ten days earlier indicated that the Funds "have been notified that the Securities Litigation Group is forming a new law firm, Rolnick Kramer Sadighi LLP ('RKS') and it is [the Funds'] intent to terminate Lowenstein Sandler, LLP and retain RKS ('Substitution Counsel') upon their departure from Lowenstein Sandler, LLP."  (*See* Exhibit 2 hereto at 3).

On August 31, 2020, the Securities Litigation Group filed on behalf of the Funds a memorandum of law in further support of their motion to be appointed lead plaintiffs and in opposition to all competing motions (the "Opposition Brief").  [ECF No. 46].  In their Opposition Brief, the Funds reiterated that the Court "appoint the Funds as Lead Plaintiffs of the consolidated action, and approve their selection of the Securities Litigation Group, *shortly joining Rolnick Kramer Sadighi LLP*, as Lead Counsel."  [*Id.* at 10] (emphasis added).  As expected, on September 1, 2020, the Securities Litigation Group formally joined RKS, and the Funds terminated Lowenstein and substituted RKS pursuant to the engagement letter.  (Ex. 2 at 3).  That substitution was reflected on the Court's docket.  [*See, e.g.*, ECF No. 51 at 22].  On September 8, 2020, *RKS filed a reply brief on behalf of the Funds* in further support of their motion to be appointed lead plaintiffs, for approval of their selection of lead counsel and to consolidate all related actions (the "Reply Brief").  [*Id.*].

On December 29, 2020, the Court issued its Opinion and Order, consolidating all related securities actions, appointing the Funds and MERS as co-lead plaintiffs, and appointing their choice of counsel as co-lead counsel – *i.e.*, RKS and Robbins Geller.  (*See* Ex. 1).  The Opinion and Order, however, incorrectly refers to Lowenstein as co-lead counsel for the Funds in two instances.  (*Id.* at 10-11).

The Funds have selected RKS as its counsel in this matter because the attorneys at RKS have represented the Funds for decades and have extensive experience in securities litigation.  At the time of the original application, and during the pendency of the application, it was expected that the Securities Litigation Group would leave Lowenstein and join RKS.  Indeed, at the time of the original application, notice of departure had already been provided to Lowenstein and the Funds retainer agreement with Lowenstein expressly provided for the transfer of this matter to RKS.  As

the Court observed, the Funds "retained competent and experienced counsel" who will fairly and adequately represent the interests of the class. (*Id.* at 9-10). The Funds accordingly request that their selection of counsel be properly identified as RKS rather than Lowenstein.

The Funds respectfully submit that the references in the Opinion and Order be corrected pursuant to Federal Rule of Civil Procedure 60(a), which provides in relevant part, that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record . . . on motion or on its own, with or without notice." The general purpose of Rule 60(a) "is to afford courts a means of modifying their judgments in order to ensure that the record reflects the actual intentions of the court." *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cty., Inc.*, 956 F. Supp. 2d 402, 408 (E.D.N.Y. 2013). Rule 60(a) "permits the correction not only of clerical mistakes, but also of inadvertent errors arising from oversight or omission." *In re Marc Rich & Co. A.G.*, 739 F.2d 834, 836 (2d Cir. 1984). The references to Lowenstein rather than RKS in the Opinion and Order are exactly the kind of non-substantive mistakes and oversights that Rule 60(a) was intended to correct. *See, e.g.*, *Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155, 158 (2d Cir. 2001) (correcting a party misnomer under Rule 60(a)). The error was mechanical in nature and apparent from the record, including the Funds' Moving, Opposition, and Reply Briefs as well as the affidavit supporting the application. *See Merry Queen Transfer Corp. v. O'Rourke*, 266 F. Supp. 605, 607 (E.D.N.Y. 1967). The Funds selected RKS to be theirs – and the class's – counsel in this matter. (*See* Ex. 2). The Funds' selected attorneys previously served as Lead Counsel for the Funds in the successful prosecution of other, similar complex consolidated securities class actions, which the Court expressly acknowledges in the Opinion and Order. (*See* Ex. 1 at 10). Thus, it is apparent that the Court intended, consistent with the PLSRA, to appoint the Funds' "choice of counsel" as co-lead counsel, which as explained above and in the Funds' briefing was RKS, and not Lowenstein Sandler. 15 U.S.C. § 78u-4 (a)(3)(B)(v); *see also Teamsters Local Union No. 727 Pension Fund*, No. 19 CV 1108 (FB)(LB), 2019 WL 7287202, at *5 (E.D.N.Y. May 24, 2019) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel selection and counsel retention[.]" (quoting *In re KIT Dig., Inc. Sec. Litig.*, 293 F.R.D. 441, 448 (S.D.N.Y. 2013))).

Consequently, we request that the Court correct the December 29, 2020 Opinion and Order to accurately reflect that the Funds have selected RKS to serve as the Class's co-lead counsel, and that RKS has been appointed as such. The Funds have provided a proposed form of Order implementing this correction attached hereto as Exhibit 3.

Very truly yours,

Lawrence M. Rolnick

cc: All Counsel of Record (via ECF)

Enclosures