# K&L GATES

March 11, 2022

**Via ECF**

The Honorable James W. Wicks
United States District Court
Eastern District of New York
100 Federal Plaza
Courtroom 1020
Central Islip, New York 11722

Joanna A Diakos
Partner
joanna.diakoskordalis@klgates.com

T +1 212 536 4807
F +1 212 536 3901

**Re:** *In re Chembio Diagnostics, Inc. Sec. Litig.,* **No. 2:20-cv-02706 (Consolidated)**

Dear Judge Wicks:

We represent Chembio Diagnostics, Inc., Richard L. Eberly, Gail S. Page, Neil A. Goldman, Javan Esfandiari, Katherine L. Davis, Dr. Mary Lake Polan, and Dr. John G. Potthoff (collectively, the "Chembio Defendants") in the above-captioned litigation.

We are in receipt of the Court's Initial Conference Order dated March 7, 2022 [Dkt. 97] (the "March 7 Order"), in which the Court required the parties to convene a discovery conference, exchange automatic disclosures and submit a Proposed Scheduling Order on or before March 23, 2022, and scheduled an Initial Conference to occur on March 30, 2022 at 10:30 a.m.

For the reasons set forth below, we respectfully request that the Court adjourn the Initial Conference, and suspend the other requirements set forth in the Court's March 7 Order.

Plaintiffs' Corrected Amended Complaint in this litigation [Dkt. #64] (the "CAC") purported to allege claims under the Securities Act of 1933 as well as the Securities Exchange Act of 1934 against various Chembio Defendants, and claims under the Securities Act of 1933 against Robert W. Baird & Co. Inc. and Dougherty & Company LLC (together, the "Underwriter Defendants"). The Chembio Defendants moved to dismiss the CAC on March 26, 2021. [Dkt. #84.] The Underwriter Defendants joined and adopted the Chembio Defendants' motion to dismiss. [Dkt. #85.] By Order dated February 23, 2022 [Dkt. #93] (the "Dismissal Order"), Judge Ross granted the motion to dismiss as to the Chembio Defendants. The Court dismissed Plaintiffs' claims against the Chembio Defendants under the Exchange Act with prejudice, without leave to amend, and dismissed Plaintiffs' claims against the Chembio Defendants under the Securities Act without prejudice. The Court denied the motion to dismiss the Securities Act claims with respect to the Underwriter Defendants. On March 8, 2022, the Court granted the Underwriter Defendants' motion for an extension of time to respond to the CAC, should that prove necessary, to May 5, 2022.

On March 9, 2022, Plaintiffs filed a motion seeking reconsideration of the Court's dismissal of their Exchange Act and Securities Act claims against the Chembio Defendants [Dkt. #98-99],

and Plaintiffs have obtained leave from Judge Ross to file an Amended Complaint within three business days after the Court rules on their motion [Dkt. 94]. The Chembio Defendants will oppose Plaintiffs' motion to reconsider.

As a result of the Dismissal Order and Plaintiffs' tactical decision to seek reconsideration prior to filing an Amended Complaint, there are no claims currently pending against the Chembio Defendants. That being the case, if Plaintiffs do ultimately file an Amended Complaint and the deficiencies in Plaintiffs' pleadings persist (as we anticipate will be the case, given that the claims asserted against the Chembio Defendants are meritless), the Chembio Defendants expect and intend to request the Court's permission to move dismiss that amended pleading.

The Private Securities Litigation Reform Act of 1995, enacted in parallel provisions incorporated in both the Securities Act and the Exchange Act (the "PSLRA"), provides:

> In any private action under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15. U.S.C. §§ 77z-1(b)(1), 78u-4(b)(3)(B). It would be inconsistent with the PSLRA to require the parties to convene a discovery conference, exchange automatic disclosures and submit a Proposed Scheduling Order, before Judge Ross has ruled upon Plaintiffs' motion for reconsideration and determined the legal sufficiency of any Amended Complaint Plaintiffs intend to file. *In re Salomon Analyst Litigation*, 373 F. Supp.2d 252, 256 (S.D.N.Y. 2005) (the policy of the PSLRA is to "deny discovery until a complaint has been authoritatively sustained by the court"); *see also Gardner v. The Major Automotive Companies*, No. 11-CV-1664(FB), 2012 WL 1230135, *3 (E.D.N.Y. April 12, 2012).

As an initial matter, by seeking reconsideration of those portions of the Dismissal Order which resulted in the dismissal of their claims against the Chembio Defendants, the Plaintiffs are in effect attempting to re-litigate the Chembio Defendants' motion to dismiss, thereby as a practical matter bringing this case within the ambit of the stay contemplated by the PSLRA which, as noted above, requires that covered actions "be stayed during the pendency of any motion to dismiss." 15. U.S.C. §§ 77z-1(b)(1), 78u-4(b)(3)(B). The fact that there is technically no motion to dismiss currently pending before the Court is the product of the *Plaintiffs'* decision to seek reconsideration rather than simply attempting to file an amended pleading consistent with the Dismissal Order. Plaintiffs' considered election to proceed in this manner should not serve to prejudice the Defendants' right to a stay of "all discovery and other proceedings" under the PSLRA until Plaintiffs have stated a cause of action against them. *See In re Trump Hotel Shareholders Derivative Litigation*, No. 96 CIV 7820 (DAB)(HBP),1997 WL 442135, *2 (S.D.N.Y. Aug. 5, 1997) ("Although plaintiffs are correct that no dismissal motion has yet been filed, this appears to be solely the result of the schedule to which the parties have agreed"); *Faulkner v. Verizon Communications*, 156 F. Supp. 2d 384, 402 (S.D.N.Y. 2001) (noting that pursuant to the automatic stay provision of the PSLRA, "several courts have stayed discovery as soon as the defendant indicates his intent to file a motion a dismiss, rather than waiting for the actual filing in court"); *Powers v. Eichen*, 961 F. Supp. 233, 235-36 (S.D. Cal. 1997)(stay imposed by PSLRA continued during the pendency of a motion to reconsider filed by defendants even though no motion to dismiss was then pending). The Court should preserve the stay imposed by the PSLRA until such time (if ever) as the Plaintiffs file an Amended Complaint that survives dismissal.

The denial by Judge Ross of the Underwriter Defendants' motion to dismiss the Securities Act claims alleged against them does not alter this result. The stay imposed by the PSLRA applies as to all discovery and other proceedings against all defendants "until all motions to dismiss . . . have been resolved." *Sedona Corp. v. Ladenburg Thalmann*, 03CIV3120 (LTS)(THK), 2005 WL 2647945 at *4 (S.D.N.Y. Oct. 14, 2005) (confirming that discovery is stayed as to all defendants where following disposition of a motion to dismiss, "at least one cause of action against sixteen of the Defendants remains viable," "Plaintiff has expressed its intention to file a Second Amended Complaint and Defendants' [sic] expect to move again to dismiss"). Thus, it makes no difference to the operation of the stay imposed by the PSLRA that Plaintiffs' Securities Act claims against the Underwriter Defendants have thus far been sustained. *Id*. And once Plaintiffs file an Amended Complaint, the Underwriter Defendants will have the opportunity to evaluate any claims pled against them to assess whether to pursue a motion to dismiss of their own.

For the reasons stated above, the Chembio Defendants respectfully request that the Court adjourn the Initial Conference, and suspend the other requirements set forth in the March 7 Order, pending disposition of any motions to dismiss. This is the first request for an extension of the Initial Conference and related deadlines.

Counsel for the Plaintiffs have informed us that they "oppose the adjournment of the initial conference, including because the case is proceeding against the Underwriter Defendants, consistent with the Court's order directing them to answer the complaint." Counsel for the Underwriter Defendants have informed us that the Underwriter Defendants join in this motion.

Respectfully submitted,

*Joanna A. Diakos*

cc: All counsel of record (via ECF)