UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ———————————————— x | | |
| In re CHEMBIO DIAGNOSTICS, INC. SECURITIES LITIGATION | : | Civil Action No. 2:20-cv-02706-ARR-JMW |
| | : | |
| ———————————————— | : | CLASS ACTION |
| | : | |
| This Document Relates To: | : | STIPULATION AND AGREEMENT OF SETTLEMENT |
| | : | |
| ALL ACTIONS. | : | |
| ———————————————— x | | |

4887-0228-1011.v3

This Stipulation and Agreement of Settlement, dated December 28, 2022 (together with all Exhibits hereto, the "Stipulation"), is made and entered into by and among: (i) Lead Plaintiffs Municipal Employees' Retirement System of Michigan ("MERS"), Special Situations Fund III QP, L.P., Special Situations Cayman Fund, L.P., and Special Situations Private Equity Fund, L.P. (the "Funds") (collectively, "Lead Plaintiffs"), on behalf of themselves and the other Members of the Class;[1] (ii) Defendants Chembio Diagnostics, Inc. ("Chembio" or the "Company"); (iii) Richard L. Eberly, Gail S. Page, Neil A. Goldman, Javan Esfandiari, Katherine I. Davis, Dr. Mary Lake Polan, Dr. John G. Potthoff (collectively, the "Individual Defendants" and together with "Chembio," the "Chembio Defendants"); and (iv) Robert W. Baird & Co. Inc., and Dougherty & Company LLC (together, the "Underwriter Defendants" and, with the Chembio Defendants, the "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action"). Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, resolve, discharge, release, settle, and dismiss with prejudice the Action and all Released Plaintiffs' Claims against the Released Defendant Parties.

## I.    THE ACTION

The Action which is the subject of this Stipulation is currently pending before the Honorable Allyne R. Ross in the United States District Court for the Eastern District of New York (the "Court"), under the caption *In re Chembio Diagnostics, Inc. Sec. Litig.*, Case No. 2:20-cv-02706-ARR-JMW (the "Action"). Beginning in June 2020, a series of lawsuits alleging that Defendants had violated the United States securities laws were filed in the United States District Court for the

---

[1]    All capitalized terms not otherwise defined shall have the meanings ascribed to them in §IV.1 herein.

Eastern District of New York. On December 29, 2020, Magistrate Judge Arlene R. Lindsay entered an Order that consolidated all related actions into the Action, and appointed MERS, Special Situations Fund III QP, L.P., Special Situations Cayman Fund, L.P., and Special Situations Private Equity Fund, L.P. as Lead Plaintiffs for the Action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and approved Lead Plaintiffs' selection of Robbins Geller Rudman & Dowd LLP and Rolnick Kramer Sadighi LLP as Co-Lead Counsel. ECF 54 and 58.

Lead Plaintiffs' Consolidated Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"), filed on February 12, 2021, alleged that Defendants violated §§11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") and §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). ECF 64. More specifically, Lead Plaintiffs alleged that, throughout the Class Period (March 12, 2020 through June 16, 2020, inclusive), Defendants made false and/or misleading statements regarding the Company's Dual Path Platform ("DPP") COVID-19 Test, including that the test could determine current or past exposure to the COVID-19 virus, that the test provided high sensitivity and specificity, and that the test was 100% accurate for total antibodies 11 days post the onset of symptoms, causing the price of the Company's common stock to trade at artificially inflated prices. Lead Plaintiffs further alleged that a Prospectus, Prospectus Supplement dated May 7, 2020 and Registration Statement pursuant to which the Company conducted a secondary stock offering in May 2020 (the "May 2020 Offering") contained inaccurate and misleading statements and omitted facts necessary to render statements made not misleading. On June 16, 2020, the FDA announced that it had revoked the Company's Emergency Use Authorization ("EUA") for its DPP COVID-19 Test, which Lead Plaintiffs alleged caused the Company's share price to significantly decline.

On February 18, 2021, the Chembio Defendants and Underwriter Defendants submitted letters to the Court requesting a pre-motion conference. ECF 75 and 77. Lead Plaintiffs filed their responses on February 24, 2021. ECF 81 and 82. On March 26, 2021, the Chembio Defendants moved to dismiss the Complaint for failure to state a claim under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(b)(2). ECF 84. The Underwriter Defendants joined in the motion. ECF 85. Lead Plaintiffs opposed the motion on April 16, 2021. ECF 88. The Chembio Defendants filed their reply on April 30, 2021. ECF 90. The Underwriter Defendants moved to join in that reply. ECF 91. On February 23, 2022, the Court granted the motion for joinder and entered an Opinion and Order granting in part the motion to dismiss. ECF 93. The motion was granted as to all claims except as to the Securities Act Sections 11 and 12(a)(2) claims against the Underwriter Defendants. *Id*.

On March 9, 2022, Lead Plaintiffs moved for partial reconsideration of the Court's February 23, 2022 Opinion and Order. ECF 98. The Chembio Defendants filed their opposition to the motion on March 23, 2022 (ECF 101), and Lead Plaintiffs filed their reply on March 30, 2022. ECF 102. The Court issued a Memorandum Decision & Order denying Lead Plaintiffs' motion for reconsideration in its entirety on July 21, 2022. ECF 106.

On July 26, 2022, Lead Plaintiffs filed their Second Consolidated Amended Complaint for Violations of Federal Securities Laws (the "Amended Complaint"). ECF 107. The Amended Complaint alleged violations of Sections 11, 12(a)(2), and 15 of the Securities Act. ECF 107.

On July 14, 2022, the Lead Plaintiffs, the Chembio Defendants, and the Underwriter Defendants participated in a full-day confidential mediation with Jed Melnick, Esq., of JAMS, a highly experienced mediator of complex commercial matters (including securities class actions). The mediation was preceded by the submission and exchange of extensive mediation statements.

- 3 -

The parties engaged in good-faith negotiations, but did not reach a settlement at the mediation. Following the mediation, the Settling Parties continued, with the assistance of the mediator, to engage in arm's-length negotiations.  On August 26, 2022, the Settling Parties reached an agreement-in-principle to resolve the Action, subject to the negotiation of mutually acceptable terms of a settlement agreement and necessary court approval.  The agreement-in-principle included, among other things, the Settling Parties' agreement to settle the Action in return for a cash payment of $8,100,000 for the benefit of the Class, subject to the negotiation of the terms of a Stipulation and Agreement of Settlement and related papers and approval by the Court.  This Stipulation (together with the Exhibits hereto) reflects the final and binding agreement, and a compromise of all matters that are in dispute, between the Settling Parties.

## II.    DEFENDANTS' DENIALS OF LIABILITY

Throughout the course of this Action and in this Stipulation, Defendants expressly have denied, and continue to deny, each and all of the claims and contentions alleged by Lead Plaintiffs, as well as any and all allegations of fault, liability, wrongdoing, or damages whatsoever arising out of or related to any of the conduct, statements, acts, or omissions that have been alleged, or that could have been alleged, in the Action.  Defendants continue to believe that the claims asserted against them in the Action are without merit and that the Action itself should not be certified as a class action for purposes of trial or adjudication of liability and damages.  Defendants maintain that they have meritorious defenses to the claims alleged in the Action.

As set forth below, neither the Settlement itself nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or to constitute an admission, concession, or finding of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted in the Action.  Defendants are entering into this Stipulation solely to

- 4 -

eliminate the burden, expense, and uncertainty of further protracted litigation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, particularly in complex cases such as this Action. Defendants have determined that it is desirable and beneficial to them that the Action be settled, fully and finally, in the manner and upon the terms and conditions set forth in this Stipulation.

## III.    LEAD PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit and that the investigation undertaken to date supports the claims asserted therein. However, Lead Plaintiffs and Lead Counsel recognize and acknowledge the procedural posture of the case, and the expense and length of continued proceedings necessary to prosecute the Action through trial and through appeals. Lead Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, particularly in complex cases such as this Action, as well as the difficulties and delays inherent in this Action. Lead Plaintiffs and Lead Counsel also are mindful of the burdens of proof under, and possible defenses to, the securities law violations asserted in the Action. Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class. Based on their own investigation and evaluation and taking into account the financial position of Chembio, Lead Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is fair, reasonable, and in the best interests of Lead Plaintiffs and the Class.

## IV.    TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, WITHOUT ANY ADMISSION OR CONCESSION ON THE PART OF ANY LEAD PLAINTIFF OF ANY LACK OF MERIT OF THE ACTION WHATSOEVER, AND WITHOUT ANY ADMISSION OR CONCESSION OF ANY FAULT, DAMAGES,

- 5 -

4887-0228-1011.v3

LIABILITY OR WRONGDOING OR LACK OF MERIT IN ANY OF THEIR DEFENSES WHATSOEVER BY ANY DEFENDANT, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiffs (on behalf of themselves and the Class) and Defendants, by and through their respective undersigned counsel, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and in consideration of the benefits flowing to the parties from the Settlement, that the Action and the Released Plaintiffs' Claims shall be finally and fully compromised, resolved, settled, released and discharged, and the Action shall be dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows:

**1.      Definitions**

In addition to the terms defined above, as used in this Stipulation the following capitalized terms shall have the following meanings:

1.1      "Authorized Claimant" means any Class Member who submits a valid Claim to the Claims Administrator that is approved by the Claims Administrator or Court for payment from the Net Settlement Fund.

1.2      "CAFA Notice" means the form of notice that Defendants must provide to satisfy the requirements of the Class Action Fairness Act, 28 U.S.C. §§1711-1715 ("CAFA").

1.3      "Claim(s)" means a paper claim submitted on a Proof of Claim and Release form, substantially in the form attached hereto as Exhibit A-2, or an electronic claim that is submitted to the Claims Administrator.

1.4      "Claimant" means any Person who submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

- 6 -

1.5    "Claims Administrator" means the firm of Gilardi & Co. LLC, proposed to be retained, subject to Court approval, to provide all notices of the Settlement approved by the Court to potential Class Members and to administer the Settlement.

1.6    "Class" means, collectively, (a) all Persons who purchased Chembio common stock directly in or traceable to Chembio's May 2020 Offering pursuant to the Registration Statement, and (b) all other Persons who purchased or otherwise acquired Chembio securities during the Class Period. Excluded from the Class are: (a) Defendants; (b) Immediate Family of the Individual Defendants; (c) any person who was an officer or director of Chembio or an Underwriter Defendant during the Class Period; (d) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest (provided, however, that any Investment Vehicle shall not be excluded from the Class); and (e) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded Person. Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely excludes himself, herself, or itself therefrom, following the procedures set forth in the Settlement Notice, as set forth in Exhibit A-1 hereto.

1.7    "Class Member" or "Member of the Class" means a Person who falls within the definition of the Class as set forth in ¶1.6 above.

1.8    "Class Period" means the period from March 12, 2020 through June 16, 2020, inclusive.

1.9    "Court" means the United States District Court for the Eastern District of New York.

1.10    "Defendants" means, collectively, Chembio, the Individual Defendants, and the Underwriter Defendants.

1.11    "Defendants' Counsel" means, as to Chembio and the Individual Defendants, K&L Gates LLP, and as to the Underwriter Defendants, Latham & Watkins LLP.

- 7 -

1.12    "Effective Date," or the date upon which this Settlement becomes "Effective," means the first date by which all of the events and conditions specified in ¶8.1 of this Stipulation have been met and have occurred, or have been waived.

1.13    "Escrow Account" means the segregated and separate interest-bearing escrow account to be established by the Escrow Agent into which the Settlement Amount will be deposited for the benefit of the Class.  The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Lead Plaintiffs and the Class in accordance with the terms of this Stipulation and any order of the Court.

1.14    "Escrow Agent" means the law firms of Robbins Geller Rudman & Dowd LLP and Rolnick Kramer Sadighi LLP or their respective successor(s).

1.15    "Final" means, with respect to any order or Judgment of the Court, that such order or Judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of the passage of time for seeking appellate review, without action.  Without limitation, an order or Judgment becomes final when:  (a) either no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (b) if an appeal has been filed (i) the court of appeals has either affirmed the order or Judgment or dismissed that appeal, and the time for any reconsideration or further appellate review has passed; or (ii) if a higher court has granted further appellate review and that court has either affirmed the underlying order or Judgment or affirmed the court of appeals' order or decision affirming the Judgment or dismissing the appeal.  For purposes of this paragraph, an "appeal" shall include any motion for reconsideration, or petition for a writ of *certiorari* or other writ that may be filed in connection with the approval or disapproval of this Settlement.  Any appeal

- 8 -

or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs, or expenses, (ii) the Plan of Allocation (as submitted or subsequently modified), or (iii) the procedures for determining Authorized Claimants' recognized Claims, shall not in any way delay, affect, or preclude the Judgment from becoming Final.

1.16    "Immediate Family" means, as defined in 17 C.F.R. §229.404, Instructions 1(a)(iii) and 1(b)(ii), children, stepchildren, parents, step parents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law, and any persons (other than a tenant or employee) sharing the household.

1.17    "Individual Defendants" means Richard L. Eberly, Gail S. Page, Neil A. Goldman, Javan Esfandiari, Katherine I. Davis, Dr. Mary Lake Polan, and Dr. John G. Potthoff.

1.18    "Investment Vehicle" means any investment company, separately managed account or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, funds of funds, hedge funds, and employee benefit plans, in which any Defendant or its affiliates has or may have a direct or indirect interest, or as to which that Defendant or its affiliates may act as an investment advisor or manager, but in which any Defendant alone or together with its, his or her respective affiliates is not a controlling owner or does not hold a controlling beneficial interest.

1.19    "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

1.20    "Lead Counsel" means the law firms of Robbins Geller Rudman & Dowd LLP and Rolnick Kramer Sadighi LLP.

4887-0228-1011.v3

1.21    "Lead Plaintiffs" means Municipal Employees' Retirement System of Michigan, Special Situations Fund III QP, L.P., Special Situations Cayman Fund, L.P., and Special Situations Private Equity Fund, L.P.

1.22    "May 2020 Offering" means Chembio's secondary public offering of common stock pursuant to a Prospectus Supplement dated May 7, 2020.

1.23    "Net Settlement Fund" means the Settlement Fund less: (i) any Court-awarded attorneys' fees, expenses, and interest thereon; (ii) Notice and Administration Expenses (as defined in ¶2.9 below); (iii) Taxes and Tax Expenses (defined in ¶2.11(c) below); and (iv) other Court-approved deductions.

1.24    "Person(s)" means an individual, corporation (including all divisions and subsidiaries thereof), limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees when acting in their capacity as such.

1.25    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund, whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of this Stipulation, and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.26    "Preliminary Approval Order" means an order entered by the Court, substantially in the form of Exhibit A attached hereto, granting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation pursuant to Federal Rule of Civil Procedure 23(e)(2), certification of the

- 10 -

Class for settlement purposes only, and approval for the mailing of a Settlement Notice and publication of a Summary Notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto.

1.27    "Proof of Claim and Release" means the Proof of Claim and Release form for submitting a Claim that a Class Member must complete and submit in order to seek to share in a distribution of the Net Settlement Fund.  The Proof of Claim and Release shall be substantially in the form attached hereto as Exhibit A-2, subject to approval of the Court.

1.28    "Registration Statement" means Chembio's Form S-3 Registration Statement along with its Prospectus and Prospectus Supplement, dated May 7, 2020.

1.29    "Related Parties" means any Person's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, estates, Immediate Family, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

1.30    "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown Claims, accrued or unaccrued, in law or in equity, whether arising under federal, state, common or foreign law, whether direct, indirect, or derivative, that Lead Plaintiffs or any other member of the Class (a) asserted in the Action, or (b) could have asserted in the Action or in any forum, that arise out of, relate to, or are based upon the

- 11 -

allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to in the Action and relate to or arise from the purchase or acquisition of Chembio common stock during the Class Period.   Notwithstanding the foregoing, "Released Plaintiffs' Claims" do not include: (i) any claims related to the enforcement of the Settlement; (ii) claims of any Person who submits a request for exclusion that is accepted by the Court; and (iii) the derivative claims alleged in *Wong v. Eberly, et al.*, Case No. 1:20-cv-04269 (E.D.N.Y.) and *Chen v. Eberly, et al.*, Index No. 606168/2022 (N.Y. Sup. Ct. Suffolk Cty.).

1.31    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, whether known or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for any claims relating to the enforcement of the Settlement and the derivative claims alleged in *Wong v. Eberly, et al.*, Case No. 1:20-cv-04269 (E.D.N.Y.) and *Chen v. Eberly, et al.*, Index No. 606168/2022 (N.Y. Sup. Ct. Suffolk Cty.).

1.32    "Released Defendant Party" or "Released Defendant Parties" means each and all of Defendants, Defendants' Counsel, and all of their Related Parties.

1.33    "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means each and every Class Member, Lead Plaintiffs, Lead Counsel, and each of their Related Parties.  Releasing Plaintiff Parties does not include any Person who would otherwise be a Member of the Class but for having validly and timely excluded himself, herself, or itself therefrom.

1.34    "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

1.35    "Settlement Amount" means Eight Million One Hundred Thousand U.S. Dollars (U.S. $8,100,000.00) to be paid by check or wire transfer to the Escrow Agent pursuant to ¶2.2 of this Stipulation.  The Settlement Amount is an all-in settlement number, meaning that it includes all Notice and Administration Expenses, any attorneys' fees and expenses to Lead Counsel (as allowed by the Court), payments to Class Members to Lead Plaintiff awards, and any other costs, expenses, taxes or fees of any kind whatsoever associated with the Settlement.

1.36    "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.37    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.38    "Settlement Notice" means the Notice of Pendency and Proposed Settlement of Class Action, substantially in the form attached hereto as Exhibit A-1, which is to be mailed to Class Members.

1.39    "Settling Parties" means, collectively, Defendants and Lead Plaintiffs, on behalf of themselves and the Class.

1.40    "Summary Notice" means the Summary Notice of Proposed Settlement of Class Action, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

1.41    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

- 13 -

1.42    "Underwriter Defendants" means Robert W. Baird & Co. Inc. and Dougherty & Company LLC.

1.43    "Unknown Claims" means (a) any and all Released Plaintiffs' Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Lead Plaintiffs, the Class and Lead Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiffs, the Class and Lead Counsel. With respect to (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiffs, the Class and Lead Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to

- 14 -

California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiffs, the Class and Lead Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without

- 15 -

regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

### 2.    The Settlement

2.1    The obligations incurred pursuant to the Stipulation: (a) are subject to approval by the Court and subject to the Judgment, reflecting such approval, becoming Final; and (b) shall fully and finally dispose of the Action and any and all Released Plaintiffs' Claims and Released Defendants' Claims upon and subject to the terms and conditions set forth herein.

### a.    The Settlement Amount

2.2    In full and final settlement of the claims asserted in the Action and in consideration of the releases specified in ¶¶5.1-5.5 herein, Chembio shall pay, or shall cause to be paid, the Settlement Amount by check or wire transfer within fifteen (15) business days after the later of all of the following: (a) entry by the Court of an order preliminarily approving the Settlement; or (b) Lead Counsel having provided Defendants' Counsel with the information necessary to effectuate a transfer of funds into the Escrow Account, including (i) a tax identification number for the Escrow Account; (ii) a completed wire transfer, ACH transfer, or similar anti-fraud payment request form signed by an authorized representative of the Escrow Account, and a signed W-9; and (iii) all required wire and check funding instructions and information, including payee name, telephone and e-mail contact information and a physical address for the Escrow Agent. The Escrow Agent shall deposit the Settlement Amount plus any accrued interest in the Escrow Account.

- 16 -

2.3    Other than the obligation to pay or cause to be paid the Settlement Amount into the Settlement Fund as set forth in ¶2.2 herein, the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

2.4    Other than the obligation to pay or cause the payment of the Settlement Amount in accordance with the terms of ¶2.2, neither Defendants nor any of their insurers shall have any obligation to make any other payments pursuant to the Stipulation, including, without limitation, compensation to any Class Member, payment of attorneys' fees and expenses awarded by the Court, payment of any fees or expenses incurred by any Class Member or Lead Counsel, or interest on the Settlement Amount of any kind and relating to any time period (including prior to the payment of the Settlement Amount into the Escrow Account).

**b.    The Escrow Agent**

2.5    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these instruments as they

- 17 -

mature in similar instruments at their then-current market rates.  All risks related to the investment of

the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be

borne by the Settlement Fund.  The Released Defendant Parties, their counsel, and their insurers

shall have no responsibility for, interest in, or liability whatsoever with respect to investment

decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released

Defendant Parties and their counsel harmless for the actions of the Escrow Agent.

2.6     The Escrow Agent shall not disburse the Settlement Fund except as provided in this

Stipulation, by an order of the Court, or with the prior written agreement of Defendants' Counsel.

2.7     Subject to further order(s) and/or directions as may be made by the Court, or as

provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are

consistent with the terms of this Stipulation.  The Released Defendant Parties shall have no

responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent,

or any transaction executed by the Escrow Agent.  The Escrow Agent, through the Settlement Fund,

shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for any

transaction executed by the Escrow Agent.

2.8     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia

legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such

funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.9     Notwithstanding the fact that the Effective Date of the Settlement has not yet

occurred, Lead Counsel may pay from the Settlement Fund, without further approval from

Defendants and/or order of the Court, reasonable costs and expenses actually incurred in connection

with providing notice of the Settlement by mail, publication, and other means, locating potential

- 18 -

Class Members, assisting with the submission of Claims, processing Proof of Claim and Release forms, administering the Settlement, and paying escrow taxes, fees and costs, if any ("Notice and Administration Expenses").

2.10    It shall be Lead Counsel's responsibility to disseminate the Settlement Notice (as defined in ¶1.38 above), Proof of Claim and Release, and Summary Notice (as defined in ¶1.40 above) to potential Class Members in accordance with this Stipulation and as ordered by the Court. The Released Defendant Parties shall have no responsibility for or liability whatsoever with respect to the notice process or the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto, including any claims that may arise from any failure of the notice process. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for any acts, omissions, or determinations made in the notice process and any Notice and Administration Expenses.

c.    **Taxes**

2.11    The Settling Parties agree as follows:

(a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1, and the regulations promulgated thereunder. The Settling Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treas. Reg. §1.468B-1(c)(1). In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.11, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such

- 19 -

regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. §1.468B-2(k)(3)) shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the elections described in ¶2.11(a) hereof) shall be consistent with this ¶2.11 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.11(c) hereof.

(c)     All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period after the deposit of the Settlement Amount and during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.11 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.11) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events, the Released Defendant Parties and their counsel shall have no liability or responsibility whatsoever for the Taxes or the Tax Expenses. The Escrow Agent, through the Settlement Fund,

shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court. The Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay any Taxes and Tax Expenses, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)). Neither the Released Defendant Parties nor their counsel are responsible for, nor shall they have any liability for, any Taxes or Tax Expenses. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.11.

2.12    This Settlement is not a claims-made settlement. Upon the occurrence, as of the Effective Date, the Released Defendant Parties, and/or any other Person who or which paid any portion of the Settlement Amount on their behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason, and shall not have any liability should Claims made exceed the amount available in the Settlement Fund for payment of such Claims. The Released Defendant Parties shall not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for the payment of Claims, Taxes and Tax Expenses, legal fees, or any other expenses payable from the Settlement Fund.

### d. Termination of Settlement

2.13    In the event that this Stipulation is not approved or the Settlement is not approved, or is terminated or canceled, or the Effective Date otherwise fails to occur for any reason, including,

- 21 -

without limitation, in the event that the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, or otherwise does not become Final, then the Settlement Fund less Notice and Administration Expenses and Taxes or Tax Expenses paid, incurred, or due and owing pursuant to ¶¶2.9 and 2.11 hereof in connection with the Settlement provided for herein, shall be refunded to Defendants by the Claims Administrator and/or the Escrow Agent, pursuant to written instructions from Defendants' Counsel, within seven (7) business days of such cancellation or termination.

**3.    Class Certification**

3.1    The Judgment shall certify the Class for purposes of this Settlement only.  However, in the event that the Judgment does not become Final or the Settlement fails to become effective for any reason, the parties agree that the Class shall be decertified without prejudice, and that the parties shall revert to their pre-settlement positions.

**4.    Preliminary Approval Order and Settlement Hearing**

4.1    No later than two (2) business days following execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of a Preliminary Approval Order.  The proposed Settlement Notice issued following entry of such Preliminary Approval Order shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application (defined in ¶7.1 below), and the date of the Settlement Hearing.

4.2    Chembio will cooperate in good faith in the class notice process and, for purposes of identifying and giving notice to the Class, shall provide to the Claims Administrator (at no cost to Lead Plaintiffs or the Class), within seven (7) business days after the Court signs the Preliminary Approval Order, reasonably available transfer records in electronic searchable form, such as Excel,

- 22 -

containing the names and last known addresses of Persons who purchased Chembio common stock during the Class Period. It shall be solely Lead Counsel's responsibility to disseminate the Settlement Notice and the Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court. Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process.

4.3    Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1715, no later than ten (10) calendar days after this Stipulation is filed with the Court, Chembio shall serve the CAFA notice on the appropriate federal and state government officials and shall thereafter notify Lead Counsel and the Court as to completion of such service. Chembio shall pay the costs of providing the CAFA notice required by law. At least seven (7) calendar days before the Settlement Hearing, Chembio shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA §1715(b).

4.4    Lead Counsel shall request that, after notice is given and not earlier than ninety (90) calendar days after all appropriate Federal and State officials have been provided the CAFA notice, the Court hold the Settlement Hearing and approve the Settlement of the Action as set forth herein. At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application (defined in ¶7.1 below).

**5.    Releases**

5.1    Upon the Effective Date, each and every Releasing Plaintiff Party, including, but not limited to, Lead Plaintiffs and all Members of the Class, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties, and shall forever be barred and enjoined from

- 23 -

asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court

of law or equity, arbitration tribunal, or administrative forum any and all of the Released Plaintiffs'

Claims against any and all of the Released Defendant Parties, whether or not such Releasing Plaintiff

Party executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.

The release provided in this Stipulation shall become effective immediately upon occurrence of the

Effective Date without the need for any further action, notice, condition, or event.

      5.2    Any Proof of Claim and Release that is executed by Class Members shall release all

Released Plaintiffs' Claims against the Released Defendant Parties and shall be substantially in the

form contained in Exhibit A-2 attached hereto.

      5.3    Upon the Effective Date, each of the Released Defendant Parties shall be deemed to

have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished,

and discharged all Released Defendants' Claims against Lead Plaintiffs, the Class, and Lead

Counsel. Claims to enforce the terms of this Stipulation are not released.

      5.4    The Settlement will not be conditional upon the obtaining of or any judicial approval

of any releases between or among the Released Defendant Parties and/or any third parties.

      5.5    Nothing contained in this Stipulation shall release or bar any Releasing Plaintiff Party

or Released Defendant Party from bringing any action or claim to enforce the terms of this

Stipulation or the Final Judgment.

### 6.    Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund

      6.1    The Claims Administrator, subject to such supervision and direction of Lead Counsel

and the Court as may be necessary or as circumstances may require, shall administer and calculate

the Claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to

Authorized Claimants. The Released Defendant Parties and Defendants' Counsel shall have no

responsibility for or interest whatsoever in the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Releasing Plaintiff Parties, including Lead Plaintiffs, any other Class Members, or Lead Counsel, in connection with such administration, including, but not limited to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management or investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

6.2    The Settlement Fund shall be applied as follows:

(a)    to pay any Notice and Administration Expenses;

(b)    to pay any Taxes and Tax Expenses;

(c)    to pay attorneys' fees and expenses of Lead Counsel, including awards to Lead Plaintiffs, if and to the extent allowed by the Court (the "Fee and Expense Award");

(d)    to pay any other costs and fees approved by the Court; and

(e)    after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as provided by this Stipulation, the Plan of Allocation, or the orders of the Court.

6.3    After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as

- 25 -

circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the provisions of this Stipulation.

6.4      Within ninety (90) calendar days after (a) the mailing of the Settlement Notice, or (b) such other time as may be set by the Court, each Class Member who seeks to receive any payment pursuant to the terms of this Stipulation shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

6.5      Except as provided herein or otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will, in all other respects, be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment, and will forever be barred from bringing any action against the Released Defendant Parties concerning the Released Plaintiffs' Claims.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator or any Class Member by reason of the exercise or non-exercise of such discretion.

6.6      Each Proof of Claim and Release shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to ¶6.8 below.

- 26 -

6.7     Proof of Claim and Release forms that do not meet the submission requirements may be rejected. Prior to rejecting a Proof of Claim and Release in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release submitted. The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of ¶6.8 below.

6.8     If any Claimant whose timely Claim has been rejected in whole or in part for a curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶6.7 above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the Claimant's request for review to the Court.

6.9     Each Class Member who has not been excluded from the Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the Released Plaintiffs' Claims, including, but not limited to, all releases provided for herein and in the Judgment, and, to the extent applicable, any Claim submitted by such Claimant, which will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Class Member and the validity and amount of the

- 27 -

Claimant's Claim.  In connection with processing the Proofs of Claim and Release, no discovery

shall be allowed on the merits of the Action or the Settlement.  All proceedings with respect to the

administration, processing and determination of Claims and the determination of all controversies

relating thereto, including disputed questions of law and fact with respect to the validity of Claims,

shall be subject to the jurisdiction of the Court, but shall not, in any event, delay or affect the finality

of the Judgment.  All Class Members, Claimants, and parties to this Settlement expressly waive trial

by jury (to the extent any such right may exist) and any right of appeal or review with respect to such

determinations.

6.10    Following the Effective Date, the Net Settlement Fund shall be distributed to the

Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice

and approved by the Court.  No distributions will be made to Authorized Claimants who would

otherwise receive a distribution of less than $10.00.  If there is any balance remaining in the Net

Settlement Fund after a reasonable period of time after the date of the distribution of the Net

Settlement Fund, the Claims Administrator at Lead Counsel's direction shall, if feasible, redistribute

such balance among Authorized Claimants who negotiated the checks sent in the initial distribution

and who would receive a minimum of $10.00.  These redistributions shall be repeated until the

balance remaining in the Net Settlement Fund is *de minimis*.  Any *de minimis* balance that still

remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or

economical to reallocate, shall be donated to an appropriate non-sectarian, non-profit charitable

organization(s) unaffiliated with any party or their counsel serving the public interest selected by

Lead Counsel.

6.11    The Released Defendant Parties shall have no responsibility for, interest in, or

liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of

- 28 -

Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection with any of the foregoing. No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in ¶¶6.1-6.13 hereof; and the Releasing Plaintiff Parties release the Released Defendant Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

6.12    No Person shall have any claim against the Released Defendant Parties, Lead Plaintiffs, or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

6.13    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.

## 7.    Lead Counsel's Attorneys' Fees and Expenses

7.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distribution from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Action; plus (c) any interest earned on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement

Fund (until paid) as may be awarded by the Court. The Fee and Expense Application may include a

reimbursement of Lead Plaintiffs' reasonable costs and expenses in connection with their

representation of the Class. Lead Counsel reserves the right to make additional applications for fees

and expenses incurred to be paid solely from (and out of) the Settlement Fund. Lead Counsel's

application for attorneys' fees or expenses is not the subject of any agreement between Defendants

and Lead Plaintiffs other than as set forth in this Stipulation.

7.2    The amount of attorneys' fees and expenses awarded by the Court is within the sole

discretion of the Court. Any fees and expenses, as awarded by the Court, shall be paid to Lead

Counsel solely from (and out of) the Settlement Fund, as ordered, immediately after the Court

executes the Judgment and an order awarding such fees and expenses, notwithstanding the existence

of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or

collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make

appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate

as is earned by the Settlement Fund, as set forth in ¶7.3 below.

7.3    In the event that the Effective Date does not occur, or the Judgment or the order

making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or

terminated for any other reason, and such reversal, modification, cancellation or termination

becomes Final and not subject to review, and in the event that the Fee and Expense Award has been

paid to any extent, then Lead Counsel, including their partners and/or shareholders, and any Lead

Plaintiffs who have received any portion of the Fee and Expense Award shall, within five (5)

business days from receiving notice from Defendants' Counsel or from a court of appropriate

jurisdiction, refund to the Settlement Fund all such fees and expenses previously paid to them from

the Settlement Fund plus interest thereon at the same rate as earned by the Settlement Fund in an

amount consistent with such reversal, modification, cancellation or termination, and such fees and expenses shall be returned to the Settlement Fund in accordance with ¶8.6. Any refunds required pursuant to this ¶7.3 shall be the several obligation of Lead Counsel, including their law firms, partners, and/or shareholders, that received fees or expenses to make appropriate refunds or repayments to the Settlement Fund. Each such Lead Counsel receiving an award of fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that (a) such Person and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and (b) are severally liable for the full amount of all fees, expenses, and/or costs paid to them from the Settlement Fund together with the interest paid thereon. Without limitation, Lead Counsel and their partners, shareholders, and/or members agree that the Court may, upon application of Defendants and notice to Lead Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should such law firms or their partners, shareholders, or members fail to timely repay fees and expenses pursuant to this paragraph.

7.4     The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and expenses to be paid out of the Settlement Fund is not part of the Settlement set forth in this Stipulation, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement. The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Lead Counsel or any Lead Plaintiff, nor any appeals from such awards. Any order or proceeding relating to the Fee and

- 31 -

Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action set forth therein, or any other orders entered pursuant to this Stipulation and Agreement of Settlement.

7.5    Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  With the sole exception of Defendants' obligation to pay or cause the Settlement Amount to be paid into the Escrow Account as provided for in ¶2.2, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or expenses (including Taxes) to Lead Counsel, or any other counsel or Person who receives payment from the Settlement Fund.

7.6    The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Lead Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

7.7    The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes) incurred by or on behalf of any Class Member, whether or not paid from the Escrow Account.

**8.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

8.1    The Effective Date of the Settlement shall be deemed to occur on the occurrence of all of the following events:

(a)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, or as may be subsequently agreed to by the Settling Parties per ¶8.3 below, directing notice to the Class, as required by ¶4.1 hereof;

- 32 -

(b)    the Settlement Amount has been deposited into the Escrow Account by or at the direction of Chembio in accordance with the provisions of ¶2.2 above;

(c)    Neither Settling Party has exercised its option to terminate the Stipulation pursuant to ¶¶8.3 or 8.5 hereof;

(d)    the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto or as may be subsequently agreed to by the Settling Parties per ¶8.4 below;

(e)    the Judgment has become Final, as defined in ¶1.15 hereof; and

(f)    the Action has been dismissed with prejudice.

8.2    Upon the Effective Date, any and all remaining interest or right of the Defendants and any other Persons who contributed to the Settlement Fund in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.  The Released Defendant Parties shall not have any liability, obligation, or responsibility for the payment of Claims, any Fee and Expense Award, Notice and Administration Expenses, Taxes and Tax Expenses, legal fees, or any other expenses payable from the Settlement Fund.  If the conditions specified in ¶8.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶¶8.6-8.8 hereof unless the Settling Parties mutually agree in writing to proceed with the Settlement. For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

- 33 -

8.3    As set forth in a separate agreement (the "Supplemental Agreement") executed between Lead Plaintiffs and Chembio, by and through their counsel, Chembio may, in its sole discretion, terminate the Settlement and render it null and void in the event that Members of the Class who collectively purchased more than a certain amount of Chembio common stock during the Class Period exclude themselves from the Class.   The Settling Parties agree to maintain the confidentiality of the Supplemental Agreement, which is being executed concurrently herewith.   The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Settlement Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement or by operation of law), unless and until the Court requires the Settling Parties to file the Supplemental Agreement or disclose its terms.   If submission of the Supplemental Agreement is ordered by the Court or is necessary to resolve a dispute between Lead Plaintiffs and Defendants, the Settling Parties will seek to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the threshold termination.

8.4    In the event the Court declines to enter the Preliminary Approval Order in substantially the form of Exhibit A attached hereto, or the Judgment in substantially the form of Exhibit B attached hereto, the Settling Parties agree to work in good faith to attempt to reach agreement on appropriate modifications, as may be necessary, to the Stipulation, Settlement Notice, Summary Notice, Proof of Claim and Release, and Judgment.

8.5    Each of Lead Plaintiffs and Defendants shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within fourteen (14) calendar days of: (a) the Court's refusal to

- 34 -

enter an order preliminarily approving the Settlement and/or permitting Notice of the Settlement to Class Members; (b) the Court's refusal to approve this Stipulation in any material respect; (c) the Court's refusal to approve the Settlement; (d) the Court's refusal to enter the Judgment; (e) the date upon which the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, or otherwise does not become Final; (f) the Court's refusal to dismiss the Action with prejudice; or (g) the failure of the Effective Date to occur for any reason.

8.6    Unless otherwise ordered by the Court, in the event this Stipulation is not approved or this Stipulation or the Settlement is terminated, or canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, or otherwise does not become Final, within ten (10) business days after written notification of such event is sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less Taxes, Tax Expenses and Notice and Administration Expenses which have either been disbursed pursuant to ¶¶2.9 and/or 2.11 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.9 and/or 2.11 hereof, shall be refunded by the Escrow Agent to the Persons who contributed to the Settlement Fund pursuant to written instructions from Defendants' Counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to the same Persons pursuant to written instructions from Defendants' Counsel.

8.7    In the event that this Stipulation is not approved or this Stipulation or the Settlement is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall be restored to their respective positions in the Action as of August 26, 2022.  In such event, the terms and provisions of the Stipulation with the exception of ¶¶2.7-2.9, 2.11-2.13, 7.3,

- 35 -

8.6-8.8, 9.1, 10.5-10.9 and 10.18 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court, or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Fee and Expense Award, shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

8.8     If the Effective Date does not occur, or if this Stipulation is terminated pursuant to its terms, neither Lead Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.9 or 2.11. In addition, any amounts already incurred pursuant to ¶¶2.9 or 2.11 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with ¶¶2.13 and 8.6 hereof.

**9.     No Admission of Wrongdoing**

9.1     Neither the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings, communications, drafts, documents or agreements taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered or received against any of the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by Lead Plaintiffs or any Member of the

- 36 -

Class or the validity of any claim that has been or could have been asserted in the Action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, including, but not limited to, litigation of the Released Plaintiffs' Claims, or of any liability, negligence, fault, or wrongdoing of any kind by Defendants or in any way referred to for any other reason as against Defendants, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

      (b)     shall be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of liability for any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against Lead Plaintiffs or any Member of the Class as evidence of any infirmity in the claims of Lead Plaintiffs and the Class;

      (c)     shall be offered or received against Defendants as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing or in any way referred to for any other reason as against any of the parties to this Stipulation, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is approved by the Court, Released Defendant Parties may refer to it to effectuate the releases granted them hereunder; and

      (d)     shall be construed against Defendants, Lead Plaintiffs, or the Class as evidence of a presumption, concession or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement; provided, however, that if this Stipulation is approved by the Court, the

- 37 -

Settling Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

**10.     Miscellaneous Provisions**

10.1    The Settling Parties:  (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

10.2    The Settling Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could have been asserted by Lead Plaintiffs and any other Class Members against the Released Defendant Parties with respect to the Released Plaintiffs' Claims.  The Settlement shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties agree that each has complied fully with the requirements of Rule 11 of the Federal Rule of Civil Procedure and the Judgment will contain a statement to reflect this compliance.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Settling Parties, and reflect the Settlement that was reached voluntarily after extensive negotiation and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims and defenses.

10.3    The Settling Parties and their counsel agree not to assert in any statement made to any media representative (whether or not for attribution) that the Action was commenced or prosecuted by Lead Plaintiffs or defended by Defendants in bad faith or without a reasonable basis, nor will they deny that the Action was commenced and prosecuted and defended in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, the Settling Parties and

- 38 -

their counsel shall not make any accusations of wrongful or actionable conduct by any party concerning the prosecution, defenses to and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

10.4    Released Defendant Parties may file this Stipulation and/or the Judgment from this Action in any other action in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy. The Settling Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment. All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

10.5    All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

10.6    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of this Stipulation shall prevail.

10.7    This Stipulation, along with its Exhibits and the Supplemental Agreement, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

- 39 -

10.8    This Stipulation, the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties.  Each Settling Party expressly disclaims any reliance on any representations, warranties, or inducements concerning this Stipulation or its Exhibits or the Supplemental Agreement, other than the representations, warranties, and covenants contained and memorialized in such documents.

10.9    Except as otherwise provided herein, or otherwise agreed to in writing by the Settling Parties hereto, each Settling Party shall bear his, her, or its own fees and costs.

10.10   Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class which it deems appropriate.

10.11   Each counsel or other Person executing this Stipulation, its Exhibits or the Supplemental Agreement, or any related Settlement document, on behalf of any Settling Party hereto hereby warrants that such Person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

10.12   This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or pdf'd via e-mail shall be deemed originals.

- 40 -

10.13    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (a) when delivered personally to the recipient, (b) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (c) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

*If to Lead Plaintiffs or to Lead Counsel:*

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA  92101

ROLNICK KRAMER SADIGHI LLP
LAWRENCE ROLNICK
1251 Avenue of the Americas
New York, NY 10020

*If to Defendants or to Defendants' Counsel:*

K&L GATES LLP
JOHN W. ROTUNNO
70 West Madison Street, Suite 3300
Chicago, IL  60602

K&L GATES LLP
JOANNA A. DIAKOS
599 Lexington Avenue
New York, NY  10022

LATHAM & WATKINS LLP
COLLEEN C. SMITH
12670 High Bluff Drive
San Diego, CA 92130

10.14    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

- 41 -

10.15    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

10.16    The waiver by one Settling Party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

10.17    Pending approval of the Court of this Stipulation and its Exhibits, all non-settlement-related proceedings in this Action shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

10.18    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

10.19    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Settling Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

10.20    This Stipulation and its Exhibits shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and

4887-0228-1011.v3

governed by, the internal, substantive laws of the State of New York without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

 10.21 Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in this Court.

 10.22 The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

 10.23 This Stipulation shall be interpreted in a neutral manner and shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between all Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

 10.24 Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

 10.25 Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

 IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated December 28, 2022.

<div style="margin-left:40%">

ROBBINS GELLER RUDMAN
 & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

_____
   DAVID A. ROSENFELD

</div>

- 43 -

4887-0228-1011.v3

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
    & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com

ROLNICK KRAMER SADIGHI LLP
LAWRENCE M. ROLNICK
MARC B. KRAMER
BRANDON FIERRO
1251 Avenue of the Americas
New York, NY  10020
Telephone:  212/597-2838
lrolnick@rksllp.com
mkramer@rksllp.com
bfierro@rksllp.com

Co-Lead Counsel for Lead Plaintiffs

K&L GATES LLP
JOHN W. ROTUNNO (admitted *pro hac vice*)

_____
                JOHN W. ROTUNNO

70 West Madison Street, Suite 3300
Chicago, IL  60602-4207
john.rotunno@klgates.com
Telephone: 312/807-4213
312/827-8000 (fax)

- 44 -

K&L GATES LLP
JOANNA A. DIAKOS
599 Lexington Avenue
New York, NY 10022-6030
joanna.diakoskordalis@klgates.com

Attorneys for Defendants Chembio Diagnostics,
Inc., Richard L. Eberly, Gail S. Page, Neil A.
Goldman, Javan Esfandiari, Katherine L. Davis, Dr.
Mary Lake Polan, and Dr. John G. Potthoff

LATHAM & WATKINS LLP
COLLEEN C. SMITH (*pro hac vice*)

_____
COLLEEN C. SMITH

12670 High Bluff Drive
San Diego, CA 92130
Telephone: 858/523-5400
858/523-5450(fax)
colleen.smith@lw.com

MICHELE D. JOHNSON (*pro hac vice*)
JORDAN DAVISSON (*pro hac vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: 714/540-1235
714/755-8290(fax)
michele.johnson@lw.com
jordan.cook@lw.com

Attorneys for Defendants Robert W. Baird & Co.
Incorporated and Dougherty & Company LLC

- 45 -

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  | x |  |
|---|---|---|
| In re CHEMBIO DIAGNOSTICS, INC. SECURITIES LITIGATION | : : : | Civil Action No. 2:20-cv-02706-ARR-JMW  CLASS ACTION |
|  | : |  |
| This Document Relates To: | : : | [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL PURSUANT |
| ALL ACTIONS. | : : x | TO FED. R. CIV. P. 23 AND AUTHORIZING NOTICE TO THE CLASS |

EXHIBIT A

WHEREAS, an action is pending in this Court entitled *In re Chembio Diagnostics, Inc. Securities Litigation*, Civil Action No. 2:20-cv-02706-ARR-JMW (the "Action");

WHEREAS, (i) Lead Plaintiffs Municipal Employees' Retirement System of Michigan ("MERS"), Special Situations Fund III QP, L.P., Special Situations Cayman Fund, L.P., and Special Situations Private Equity Fund, L.P. (the "Funds") (collectively, "Lead Plaintiffs"), on behalf of themselves and Members of the Class; (ii) Defendant Chembio Diagnostics, Inc. ("Chembio" or the "Company"); (iii) Defendants Richard L. Eberly, Gail S. Page, Neil A. Goldman, Javan Esfandiari, Katherine I. Davis, Dr. Mary Lake Polan, Dr. John G. Potthoff (collectively, the "Individual Defendants," and together with "Chembio," the "Chembio Defendants"); and (iv) Defendants Robert W. Baird & Co. Inc. and Dougherty & Company LLC (together, the "Underwriter Defendants," and with the "Chembio Defendants," the "Defendants"), have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated December 28, 2022 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs, have made a motion pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order preliminarily approving the Settlement in accordance with the Stipulation and Exhibits annexed thereto, and allowing notice of the Settlement to Class Members as more fully described therein;

WHEREAS, the Settling Parties have stipulated to the entry of this Order;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement and authorizing notice of the Settlement to the Class and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

- 1 -

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as they have in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      **Preliminary Approval of the Settlement:**  The Court hereby preliminarily approves the Settlement set forth in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to grant final approval to the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2.      **Preliminary Certification of the Class:**  Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Action is hereby certified as a class action on behalf of, collectively: (a) all Persons who purchased Chembio common stock directly in or traceable to Chembio's secondary public offering pursuant to a Prospectus Supplement dated May 7, 2020 (the "May 2020 Offering"); and (b) all other Persons who purchased or otherwise acquired Chembio securities during the period between March 12, 2020 through June 16, 2020, inclusive.  Excluded from the Class are: (i) Defendants; (ii) Immediate Family of the Individual Defendants; (iii) any Person who was an officer or director of Chembio or an Underwriter Defendant during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest (provided, however, that any Investment Vehicle shall not be excluded from the Class); and (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded Person.  Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requests exclusion in accordance with the requirements set by the Court.

3.      **Class Action for Settlement Purposes Only:** The Court finds, for the purpose of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to Members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other methods for the fair and efficient adjudication of the Action.

4.      **Preliminary Certification of Class Representatives and Class Counsel for Settlement Purposes Only:** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs Municipal Employees' Retirement System of Michigan, Special Situations Fund III QP, L.P., Special Situations Cayman Fund, L.P., and Special Situations Private Equity Fund, L.P. are preliminarily certified as Class Representatives and Lead Counsel (Robbins Geller Rudman & Dowd LLP and Rolnick Kramer Sadighi LLP) are preliminarily certified as Class Counsel.

5.      **Settlement Hearing:** A Settlement hearing shall be held before this Court on _____, 2023, at _____ .m. (the "Settlement Hearing"), at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, to: (a) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; (b) determine whether a Judgment as provided in ¶1.19 of the Stipulation, which provides, among other things, for dismissal of the Action with prejudice, should be entered; (c) determine whether the

- 3 -

proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) determine the amount of attorneys' fees, costs, charges, and expenses that should be awarded to Lead Counsel and Lead Plaintiffs; (e) hear any objections by Class Members to the Settlement or Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or Lead Plaintiffs; and (f) consider any other matters that the Court deems appropriate. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 10 of this Order. The Court may adjourn or change the date and time of the Settlement Hearing or decide to hold the Settlement Hearing telephonically without further notice to the Class, and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

6.    **Approval of the Form and Content of Settlement Notice:** The Court approves as to form and content, the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), Proof of Claim and Release, and the Summary Notice of Proposed Settlement of Class Action ("Summary Notice"), substantially in the forms annexed hereto as Exhibits 1, 2, and 3, respectively.

7.    **Distribution and Publication of Notice and Proof of Claim Form:** The Court finds that the mailing and distribution of the Notice and the Proof of Claim and Release and the publication of the Summary Notice in the manner and form set forth in paragraphs 10 and 11 of this Order (a) is the best notice practicable under the circumstances; and (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the proposed Settlement, of the effect of the Settlement (including the Releases to be provided thereunder), of Lead Counsel's Fee and Expense Application, of their right to request exclusion from the Class or to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application, and of their right to appear at the Settlement Hearing; (c) constitutes due, adequate, and

- 4 -

sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (d) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §77z-1, 78u-4, as amended, and all other applicable laws and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

8.     **Retention of Claims Administrator and Manner of Giving Notice:**  The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below.

9.     **Provision of Transfer Records:**    Chembio shall provide to the Claims Administrator, at no cost to Lead Plaintiffs or the Class, within seven (7) business days after the Court signs this Order, reasonably available transfer records in electronic searchable form, such as Excel, containing names and addresses of Persons who purchased Chembio common stock during the Class Period.

10.    **Notification by Claims Administrator:**

(a)     Not later than twenty (20) calendar days after the date of entry by the Court of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Proof of Claim and Release, substantially in the forms annexed hereto as Exhibits 1 and 2, respectively (the "Settlement Notice Packet") to be mailed by First-Class Mail, or emailed, to potential Class Members who can be identified with reasonable effort, including those persons and entities listed on the records provided by Chembio and/or its transfer agent, and shall cause a copy of the Settlement Notice Packet to be mailed to the brokers and other nominees ("Nominees") contained in the Claims Administrator's Nominee database.   For all Notices returned as undeliverable, the Claims

- 5 -

Administrator shall use its best efforts to locate updated addresses.  Contemporaneously with the mailing of the Settlement Notice Packet, the Claims Administrator shall cause copies of the Notice and the Proof of Claim and Release to be posted on the case-designated website, www.ChembioSecuritiesSettlement.com, from which copies of the Notice and Proof of Claim and Release can be downloaded.

(b)    Not later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *The Wall Street Journal*, and once over a national newswire service.

(c)    At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

11.    **Nominee Procedures:**  The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased Chembio common stock during the Class Period (between March 12, 2020 and June 16, 2020, inclusive) as record owners but not as beneficial owners.  Such nominee purchasers are directed, within seven (7) calendar days of their receipt of the Notice, to either forward copies of the Notice and Proof of Claim and Release to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim and Release promptly to such identified beneficial owners.  Nominee purchasers who elect to send the Notice and Proof of Claim and Release to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed.  Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be

- 6 -

reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim and Release to beneficial owners. Any disputes with respect to the reasonableness or documentation of expenses incurred shall be subject to review by the Court.

12.    **Cost of Notice:** All fees, costs, and expenses incurred in identifying and notifying Members of the Class shall be paid from the Settlement Fund and in no event shall any of the Released Defendant Parties bear any responsibility or liability for such fees, costs, or expenses. Notwithstanding the foregoing, Chembio shall be responsible for the costs and expenses it incurs in providing to Lead Counsel and/or the Claims Administrator reasonably available transfer records for purposes of mailing notice to the Class pursuant to the Stipulation.

13.    **CAFA Notice:** As provided in the Stipulation, Chembio shall effect service of the notice required under the Class Action Fairness Act, 28 U.S.C. §1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Chembio is solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Hearing, Chembio shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. §1715(b).

14.    **Binding Effect:** All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement (including, but not limited to, the releases provided for therein) whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means (including, without limitation, by submitting a Proof of Claim and Release or any similar document) any distribution from the Settlement Fund or the Net Settlement Fund.

- 7 -

15.    **Participation in Settlement:**  Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Proof of Claim and Release in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked or submitted electronically no later than one hundred twenty (120) calendar days from the Notice Date.  Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall in all other respects be bound by the terms of the Stipulation and by any final judgment entered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. No person shall have any claim against Lead Plaintiffs, Lead Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late submitted Claims.  By submitting a Proof of Claim and Release, a person shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

16.    **Proof of Claim Form Requirements:**  Each Proof of Claim and Release submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and any holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Proof of Claim and Release is acting in a

- 8 -

representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member, together with such evidence of authority to act on behalf of that Class Member as is specified in the Proof of Claim and Release, must be included in the Proof of Claim and Release to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Proof of Claim and Release must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

17.    **Appearance of Class Members:**  Any Member of the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice.  If any Member of the Class does not enter an appearance, they will be represented by Lead Counsel.

18.    **Consequences of Failure to Submit a Proof of Claim:**  Any Class Member that does not timely and validly submit a Proof of Claim and Release or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be forever barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Released Defendant Parties, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Proof of Claim and Releases may be accepted for processing as set forth in paragraph 15 above.

- 9 -

19.    **Exclusion from the Class:**

(a)    Any Member of the Class who wishes to exclude himself, herself, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice.  Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked no later than _____, 2023 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing).  A Request for Exclusion must provide:  (i) the name, address, and telephone number of the Person requesting exclusion; (ii) a list identifying the number of shares of Chembio common stock purchased during the Class Period and the date of each purchase and price paid for each such purchase; and (iii) a statement that the Person wishes to be excluded from the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final Judgment.  Unless otherwise ordered by the Court, any Person who purchased Chembio common stock during the Class Period who fails to timely request exclusion from the Class in compliance with this paragraph shall be deemed to have waived his, her, or its right to be excluded from the Class and shall be forever barred from requesting exclusion from the Class.

(b)    Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, promptly upon receipt and as expeditiously as possible, but in no event, later than fourteen (14) calendar days before the Settlement Hearing.

20.    **Appearance and Objection at the Settlement Hearing:**  Any Member of the Class who or which does not request exclusion from the Class may appear at the Settlement Hearing and

object if he, she, or it has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why attorneys' fees, together with costs, charges and expenses should not be awarded to Lead Counsel or Lead Plaintiffs; provided that any such Class Member (or any other Person) files objections and copies of any papers and briefs with the Clerk of the United States District Court for the Eastern District of New York and mails copies of such objection to Lead Counsel, Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101 and Rolnick Kramer Sadighi LLP, Lawrence M. Rolnick, 1251 Avenue of the Americas, New York, NY 10020; the Chembio Defendants' Counsel, K&L Gates LLP, John W. Rotunno, 70 West Madison Street, Suite 3300, Chicago, IL 60602, and K&L Gates LLP, Joanna A. Diakos, 599 Lexington Avenue, New York, NY 10022; and the Underwriter Defendants' Counsel, Latham & Watkins LLP, Colleen C. Smith, 12670 High Bluff Drive, San Diego, CA 92130, so that they are received no later than _____, 2023 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing). Any Member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, or to the award of fees, costs, charges, and expenses to Lead Counsel, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of fees, costs, charges and expenses are required to indicate in their written objection their intention to appear at the hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into

- 11 -

evidence at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

21.    **Form of Objections:** Any objections, filings, and other submissions by an objecting Class Member must: (i) state the name, address and telephone number of the Person objecting and must be signed by the objector; (ii) contain a statement of the Class Members' objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objections apply only to the objector, a specific subset of the Class, or to the entire Class; and (iii) include documents sufficient to prove membership in the Class, including the objecting Class Member's purchases and/or sales of Chembio common stock during the Class Period, the dates, the number of shares purchased or sold, and the price paid or received for such purchase or sale.

22.    **Failure to Object:** Any Class Member who does not object to the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees, costs, charges and expenses in the manner prescribed herein and in the Notice shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees together with costs, charges and expenses.

23.    **Settlement Fund:** The contents of the Settlement Fund held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

- 12 -

24.    **Supporting Papers:**

(a)    All papers in support of the Settlement, Plan of Allocation, and any application by Lead Counsel for an award of attorneys' fees, costs, charges and expenses shall be filed and served no later than _____, 2023 (a date that is thirty-five (35) calendar days prior to the Settlement Hearing), and any reply papers shall be filed and served no later than _____, 2023 (a date that is seven (7) calendar days prior to the Settlement Hearing).

(b)    The Released Defendant Parties shall have no responsibility or liability for the Plan of Allocation or any application for attorneys' fees, costs, charges or expenses submitted by Lead Counsel, and such matters will be considered by the Court separately from the fairness, reasonableness, and adequacy of the Settlement.

25.    **Determinations at Settlement Hearing:**  At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees, costs, charges and expenses, should be approved.  The Court reserves the right to enter the Judgment finally approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or costs, charges and expenses.

26.    **Administration Fees and Expenses:**  All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation.  In the event the Court does not approve the Settlement, or the Settlement otherwise fails to become effective, neither Lead Counsel nor the Claims Administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶2.9 or 2.11 of the Stipulation.

27.    **Use of this Order:**  This Order and the Stipulation (including any of their respective terms or provisions and exhibits thereto), any of the negotiations, discussions, proceedings connected

- 13 -

with them, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or this Order, may not be construed as an admission or concession by the Released Defendant Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, and may not be offered or received in evidence (or otherwise used by any person in the Action, or in any other litigation or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal) except in connection with any proceeding to enforce the terms of the Stipulation or this Order. The Released Defendant Parties, Lead Plaintiffs, Class Members, and each of their counsel may file the Stipulation, and/or this Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

28. **Stay and Temporary Injunction:** All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs and all other members of the Class from commencing or prosecuting any and all of the Released Plaintiffs' Claims against any of the Released Defendant Parties in any action or proceeding in any court or tribunal.

29. **Arrangements for Settlement Hearing:** The Court reserves the right to alter the time or the date of the Settlement Hearing or to hold the hearing via video or telephone without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such

- 14 -

modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

30.    **Taxes:**  Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

31.    **Termination of the Settlement:**  If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of the Lead Plaintiffs, the other Class Members, and the Defendants, and the Settling Parties shall revert to their respective positions in the Action on August 26, 2022, as provided in the Stipulation.

IT IS SO ORDERED.

DATED: _____    _____
                                                          THE HONORABLE ALLYNE R. ROSS
                                                          UNITED STATES DISTRICT JUDGE

- 15 -

4878-4494-0851.v2

# EXHIBIT A-1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| In re CHEMBIO DIAGNOSTICS, INC. SECURITIES LITIGATION | : | Civil Action No. 2:20-cv-02706-ARR-JMW |
| | : | |
| | : | CLASS ACTION |
| | : | |
| This Document Relates To: | : | NOTICE OF PENDENCY AND PROPOSED |
| | : | SETTLEMENT OF CLASS ACTION |
| ALL ACTIONS. | : | |
| | : | EXHIBIT A-1 |
| | x | |

**TO:** **ALL PERSONS WHO PURCHASED CHEMBIO DIAGNOSTICS, INC. ("CHEMBIO" OR THE "COMPANY") COMMON STOCK DIRECTLY IN OR TRACEABLE TO CHEMBIO'S MAY 2020 OFFERING AND/OR OTHERWISE PURCHASED OR ACQUIRED CHEMBIO COMMON STOCK DURING THE CLASS PERIOD BETWEEN MARCH 12, 2020 THROUGH JUNE 16, 2020, INCLUSIVE, AND ARE NOT OTHERWISE EXCLUDED FROM THE CLASS (THE "CLASS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.   TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2023**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of New York (the "Court").  The purpose of this Notice is to inform you of the pendency of this class action (the "Action") between Lead Plaintiffs Municipal Employees' Retirement System of Michigan, Special Situations Fund III QP L.P., Special Situations Cayman Fund, L.P., and Special Situations Private Equity Fund, L.P. and Defendants Chembio, Richard L. Eberly, Gail S. Page, Neil A. Goldman, Javan Esfandiari, Katherine I. Davis, Dr. Mary Lake Polan, Dr. John G. Potthoff  (the "Individual Defendants"), Robert W. Baird & Co. Inc., and Dougherty & Company LLC (the "Underwriter Defendants, and, collectively, "Defendants") and the proposed $8,100,000 settlement reached therein (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees and expenses.  This Notice describes what steps you may take in relation to the Settlement and this Action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Action as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants.  This Notice is solely to advise you of the pendency and proposed Settlement of the Action and of your rights in connection therewith.

---

[1]     All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated December 28, 2022 (the "Settlement" or "Stipulation"), which is available on the website www.ChembioSecuritiesSettlement.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement. **Proof of Claim forms must be postmarked or submitted online on or before _____, 2023**. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Exclusions must be postmarked on or before _____, 2023**. |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Class. **Objections must be *received* by the Court and counsel on or before _____, 2023. If you submit a written objection, you may (but do not have to) attend the hearing**. |
| **GO TO THE HEARING ON _____, 2023** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be *received* by the Court and counsel on or before _____, 2023**. |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## SUMMARY OF THIS NOTICE

**Statement of Class Recovery**

      Pursuant to the Settlement described herein, an $8.1 million settlement fund has been established. Based on Lead Plaintiffs' estimate of the number of shares of Chembio common stock eligible to recover under the Settlement, the average distribution per share under the Plan of Allocation is approximately $0.65 before deduction of any taxes on the income earned on the Settlement Amount thereof, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Class Members should note, however, that these are only estimates.** A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than this estimated average amount. *See* Plan of Allocation set forth and discussed at pages ___ below for more information on the calculation of your claim.

- 2 -

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each claim alleged. Defendants deny that they are liable to the Class and deny that the Class has suffered any damages. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of Chembio common stock were allegedly artificially inflated (if at all) during the Class Period; (4) the amount, if any, by which the prices of Chembio common stock were allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the prices of Chembio common stock at various times during the Class Period; (6) the extent to which external factors influenced the prices of Chembio common stock at various times during the Class Period; (7) the extent to which the various matters that Lead Plaintiffs alleged were materially false or misleading influenced (if at all) the prices of Chembio common stock at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiffs alleged were omitted influenced (if at all) the prices of Chembio common stock at various times during the Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Action's inception, Lead Counsel have expended considerable time and effort in the prosecution of this Action on a wholly contingent basis and have advanced the expenses of the Action in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed twenty-seven-and-one-half percent (27.5%) of the Settlement Amount, plus expenses not to exceed $50,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. In addition, one or more Lead Plaintiffs may seek awards not to exceed $4,000 for their representation of the Class. If the amounts requested are approved by the Court, the average cost per share of Chembio common stock will be approximately $0.18.

**Further Information**

For further information regarding the Action, this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at 866-796-2048, or visit the website www.ChembioSecuritiesSettlement.com.

You may also contact a representative of counsel for the Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com, www.rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Lead Plaintiffs' principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the

4891-8345-9907.v1

Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For the Defendants, who have denied and continue to deny, all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Action. Defendants have concluded that further conduct of this Action could be protracted and distracting.

## BASIC INFORMATION

| 1. | **Why did I get this Notice package?** |
|---|---|

This Notice was sent to you pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased Chembio common stock during the period between March 12, 2020 through and including June 16, 2020 (the "Class Period"), including purchases of Chembio common stock directly in or traceable to Chembio's public offering of common stock pursuant to a Prospectus Supplement dated May 7, 2020 (the "May 2020 Offering").

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Action is the United States District Court for the Eastern District of New York, and the case is known as *In re Chembio Diagnostics, Inc. Sec. Litig.*, No. 2:20-cv-02706-ARR-JMW. The case has been assigned to the Honorable Allyne R. Ross. The funds representing the Class are the Lead Plaintiffs, and the company, individuals and underwriters they sued and who have now settled are called the Defendants.

| 2. | **What is this lawsuit about?** |
|---|---|

Lead Plaintiffs' Consolidated Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"), filed on February 12, 2021, alleged that Defendants violated §§11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") and §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). More specifically, Lead Plaintiffs alleged that, throughout the Class Period (March 12, 2020 through June 16, 2020, inclusive), Defendants made false and/or misleading statements regarding the Company's Dual Path Platform ("DPP") COVID-19 Test, including that the test could determine current or past exposure to the COVID-19 virus, that the test provided high sensitivity and specificity, and that the test was 100% accurate for total antibodies 11 days post the onset of symptoms, causing the price of the Company's common stock to trade at artificially inflated prices. Lead Plaintiffs further alleged that a Prospectus, a Prospectus Supplement dated May 7, 2020 and Registration Statement pursuant to which the Company conducted a secondary stock offering in May 2020 (the "May 2020 Offering") contained inaccurate and misleading statements and omitted facts necessary to render statements made not misleading. On June 16, 2020, the FDA announced that it had revoked the Company's Emergency Use Authorization ("EUA") for its DPP COVID-19 Test, which Lead Plaintiffs alleged caused the Company's share price to significantly decline.

- 4 -

On February 18, 2021, the Chembio Defendants and the Underwriter Defendants submitted letters to the Court requesting a pre-motion conference. Lead Plaintiffs filed their responses on February 24, 2021. On March 26, 2021, the Chembio Defendants moved to dismiss the Complaint for failure to state a claim under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(b)(2). The Underwriter Defendants joined in the motion. Lead Plaintiffs opposed the motion on April 16, 2021. The Chembio Defendants filed their reply on April 30, 2021. The Underwriter Defendants moved to join in that reply. On February 23, 2022, the Court granted the motion for joinder and entered an Opinion Order granting in part the motion to dismiss. The Court dismissed with prejudice the Exchange Act claims asserted against all Defendants and dismissed the securities Act claims asserted against the Chembio Defendants with leave to replead. The Court denied the motion to dismiss with respect to the Securities Act Sections 11 and 12(a)(2) claims against the Underwriter Defendants.

On March 9, 2022, Lead Plaintiffs moved for partial reconsideration of the Court's February 23, 2022 Opinion and Order. The Chembio Defendants filed their opposition to the motion on March 23, 2022, and Lead Plaintiffs filed their reply on March 30, 2022. The Court issued a Memorandum Decision & Order denying Lead Plaintiffs' motion for reconsideration in its entirety.

On July 26, 2022, Lead Plaintiffs filed their Second Consolidated Amended Complaint for Violations of Federal Securities Laws (the "Amended Complaint"). The Amended Complaint alleged violations of Sections 11, 12(a)(2) and 15 of the Securities Act.

On July 14, 2022, the Lead Plaintiffs, the Chembio Defendants, and the Underwriter Defendants participated in a full-day confidential mediation with Jed Melnick, Esq., of JAMS, a highly experienced mediator of complex commercial matters (including securities class actions). The mediation was preceded by the submission and exchange of extensive mediation statements. The parties engaged in good-faith negotiations, but did not reach a settlement at the mediation. Following the mediation, the Settling Parties continued, with the assistance of the mediator, to engage in arm's-length negotiations. On August 26, 2022, the Settling Parties reached an agreement-in-principle to resolve the Action, subject to the negotiation of mutually acceptable terms of a settlement agreement and necessary Court approval. The agreement-in-principle included, among other things, the Settling Parties' agreement to settle the Action in return for a cash payment of $8,100,000 for the benefit of the Class, subject to the negotiation of the terms of a Stipulation and Agreement of Settlement and related papers and approval by the Court. The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement, and a compromise of all matters that are in dispute, between the Settling Parties.

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Lead Plaintiffs in the Action, as well as any and all allegations of fault, liability, wrongdoing, or damages whatsoever arising out of any of the conduct, statements, acts, or omissions that have been alleged, or that could have been alleged, in the Action. Defendants contend that they did not make any materially false or misleading statements, that they disclosed all material information required to be disclosed by the federal securities laws, and that any alleged misstatements or omissions were not made with the requisite intent or knowledge of wrongdoing. Defendants also contend that any losses allegedly suffered by Members of the Class were not caused by any allegedly false or misleading statements by them and/or were caused by intervening events. Defendants continue to believe that the claims asserted against them in the Action are without merit and should be dismissed, and that

- 5 -

the Action itself should not be certified as a class action for purposes of trial or adjudication of liability and damages. Defendants also maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Action.

| 3. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of Defendants or of the Lead Plaintiffs. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiffs also agreed to the Settlement in order to ensure that Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am a Member of the Class? |
|---|---|

The Court directed that everyone who fits this description is a Class Member: (a) all Persons who purchased Chembio common stock directly in or traceable to Chembio's May 2020 Offering, and (b) all other Persons who purchased or otherwise acquired Chembio common stock during the period from March 12, 2020 through June 16, 2020, inclusive, except those Persons and entities that are excluded.

Excluded from the Class are: (a) Defendants; (b) the Immediate Family of the Individual Defendants; (c) any person who was an officer or director of Chembio or an Underwriter Defendant during the Class Period; (d) any firm, trust, corporation or other entity in which any Defendant has or had a controlling interest (provided, however, that any Investment Vehicle shall not be excluded from the Class); and (e) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded Person. Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note**: Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2023.

| 5. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 866-796-2048, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify.

4891-8345-9907.v1

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Plaintiffs' Claims (defined below) and dismissal of the Action with prejudice, Defendants have agreed to pay (or cause to be paid) $8.1 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim form pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total value of Chembio common shares represented by the valid Proof of Claim forms that Class Members send in, compared to the value of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 8. | How can I get a payment? |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim form. A Proof of Claim form is enclosed with this Notice or it may be downloaded at www.ChembioSecuritiesSettlement.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online at www.ChembioSecuritiesSettlement.com so that it is postmarked or received no later than _____, 2023**.

| 9. | When would I get my payment? |
|---|---|

**The Court will hold a Settlement Hearing on _____, 2023, at _____ .m.**, to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Class? |
|---|---|

Unless you timely and validly exclude yourself, you are staying in the Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or their Related Parties about the Released Plaintiffs' Claims (as defined below) in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Plaintiffs' Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Defendant Parties" (as defined below):

- 7 -

- "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown Claims (as defined below), accrued or unaccrued, in law or in equity, whether arising under federal, state, common or foreign law, whether direct, indirect, or derivative, that Lead Plaintiffs or any other member of the Class (a) asserted in the Action, or (b) could have asserted in the Action or in any forum, that arise out of, relate to, or are based upon the allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to in the Action and relate to or arise from the purchase or acquisition of Chembio common stock during the Class Period. Notwithstanding the foregoing, "Released Plaintiffs' Claims" do not include: (i) the derivative claims alleged in *Wong v. Eberly, et al.*, Case No. 1:20-cv-04269 (E.D.N.Y.) and *Chen v. Eberly, et al.*, Index No. 606168/2022 (N.Y. Sup. Ct. Suffolk Cty.); (ii) claims to enforce the Settlement; and (iii) claims of any Person who submits a request for exclusion that is accepted by the Court.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, whether known or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for any claims relating to the enforcement of the Settlement and the derivative claims alleged in *Wong v. Eberly, et al.*, Case No. 1:20-cv-04269 (E.D.N.Y.) and *Chen v. Eberly, et al.*, Index No. 606168/2022 (N.Y. Sup. Ct. Suffolk Cty.).

- "Released Defendant Parties" means each and all of the Defendants, Defendants' Counsel, and all of their Related Parties.

- "Related Parties" means any Person's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, estates, Immediate Family, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

- "Unknown Claims" means (a) any and all Released Plaintiffs' Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to

- 8 -

this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Lead Plaintiffs, the Class and Lead Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiffs, the Class and Lead Counsel. With respect to (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiffs, the Class and Lead Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiffs, the Class and Lead Counsel,

- 9 -

known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement.  This is called excluding yourself – or is sometimes referred to as "opting out."  If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Action, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

| **11.** | **How do I get out of the Class and the proposed Settlement?** |
|---|---|

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Chembio Securities Settlement*."  Your letter must include your purchases of Chembio common stock during the Class Period, including the dates, the number of shares of Chembio common stock purchased, and price paid for each such purchase.  In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is **postmarked no later than _____, 2023** to:

*Chembio Securities Settlement*
Claims Administrator
c/o Gilardi & Co LLC
ATTN: EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Defendant Parties about the Released Plaintiffs' Claims in the future.

| **12.** | **If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later?** |
|---|---|

No.  Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Defendant Parties for any and all Released Plaintiffs' Claims.  If

4891-8345-9907.v1

you have a pending lawsuit against the Released Defendant Parties, speak to your lawyer in that case immediately. You must exclude yourself from the Class in this Action to continue your own lawsuit. Remember, the exclusion deadline is _____, 2023.

---

**13.     If I exclude myself, can I get money from the proposed Settlement?**

---

No. If you exclude yourself, you should not send in a Proof of Claim to ask for any money. If you exclude yourself, you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Defendant Parties.

## THE LAWYERS REPRESENTING YOU

---

**14.     Do I have a lawyer in this case?**

---

The Court ordered that the law firms of Robbins Geller Rudman & Dowd LLP and Rolnick Kramer Sadighi LLP represent the Class Members. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

---

**15.     How will the lawyers be paid?**

---

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed twenty-seven-and-one-half percent (27.5%) of the Settlement Amount and for expenses, costs and charges in an amount not to exceed $50,000 in connection with prosecuting the Action, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. In addition, one or more of the Lead Plaintiffs may seek an award not to exceed $4,000 in connection with their representation of the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

---

**16.     How do I tell the Court that I object to the proposed Settlement?**

---

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's fee and expense application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Chembio Securities Settlement*. Include your name, address, telephone number, and your signature, identify the date(s), price(s), and number of shares of Chembio common stock you purchased and sold during the Class Period, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation and/or fee and expense application, including any legal support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. You must also include copies of documents demonstrating such purchase(s) and/or sale(s). Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* **no later than_____, 2023**:

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK 225 Cadman Plaza East Brooklyn, NY 11201 | ROBBINS GELLER RUDMAN & DOWD LLP ELLEN GUSIKOFF STEWART 655 West Broadway, Suite 1900 San Diego, CA 92101 | K&L GATES LLP JOHN W. ROTUNNO 70 West Madison Street, Suite 3300 Chicago, IL 60602 JOANNA A. DIAKOS 599 Lexington Avenue New York, NY 10022 |
| | ROLNICK KRAMER SADIGHI LLP LAWRENCE ROLNICK 1251 Avenue of the Americas New York, NY 10020 | LATHAM & WATKINS LLP COLLEEN C. SMITH 12670 High Bluff Drive San Diego, CA 92130 |

---

**17.    What is the difference between objecting and excluding?**

---

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to recover money from the Settlement and do not want to release any claims you think you may have against Defendants and their Related Parties. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

---

**18.    When and where will the Court decide whether to approve the proposed Settlement?**

---

The Court will hold a Settlement Hearing at __:00 _.m., on _____, 2023, in the Courtroom of the Honorable Allyne R. Ross, at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Lead Counsel and Lead Plaintiffs. After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members. If you want to attend the hearing, you should check with Lead Counsel or the Settlement website

- 12 -

www.ChembioSecuritiesSettlement.com beforehand to be sure that the date and/or time has not changed.

In addition, the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or video, without further written notice to the Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.ChembioSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any and all updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.ChembioSecuritiesSettlement.com. Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video, to access information will be posted to the Settlement website, www.ChembioSecuritiesSettlement.com**.

| 19. | Do I have to come to the hearing? |
|-----|-----------------------------------|

No.  Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the hearing? |
|-----|-----------------------------|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Chembio Securities Settlement*."  Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel or Lead Plaintiffs and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and the exhibits they intend to introduce into evidence at the Settlement Hearing.  Your notice of intention to appear must be *received* **no later than _____, 2023**, and addressed to the Clerk of the Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

| 21. | What happens if I do nothing? |
|-----|-------------------------------|

If you do nothing, you will not receive any money from this Settlement.  In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and their Related Parties about the Released Plaintiffs' Claims in this case.

- 13 -

## GETTING MORE INFORMATION

| 22. | How do I get more information? |
|-----|-------------------------------|

For even more detailed information concerning the matters involved in this Action, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 866-796-2048 or by email at info@ChembioSecuritiesSettlement.com. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other Settlement related papers filed in the Action, which are posted on the Settlement website at www.ChembioSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Eastern District of New York, during regular business hours.  For a fee, all papers filed in this Action are available at www.pacer.gov.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG
## CLASS MEMBERS

The Settlement Amount of $8.1 million and any interest earned thereon is the "Settlement Fund."  The Settlement Fund, less all taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses (the "Net Settlement Fund") shall be distributed to Class Members who submit timely and valid Proof of Claim forms to the Claims Administrator ("Authorized Claimants").  The Plan of Allocation will determine whether you will be eligible to participate in the distribution of the Net Settlement Fund.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Class Members based on their respective claims and alleged economic losses resulting from the securities law violations alleged in the Action.

The Claims Administrator shall determine each Class Member's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below.  A Recognized Loss will be calculated for each share of Chembio common stock purchased during the Class Period.  The calculation of Recognized Loss will depend upon several factors, including when the Chembio common stock was purchased and in what amounts, whether shares were purchased pursuant and/or traceable to the May 2020 offering, whether the shares were sold, and, if so, when they were sold and for what amounts.  Please note that given Lead Plaintiffs' assessment of the relative strength of Lead Plaintiffs' claims, 37.16% of the Net Settlement Fund shall be allocated to Recognized Losses under the Exchange Act, and 62.84% shall be allocated to Recognized Losses under the Securities Act.

The Recognized Loss is not intended to estimate the amount a Class Member may have been able to recover after a trial, nor to estimate the amount you will receive.  It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.  The allocation below is based on the following inflation per share amounts for Class Period share purchases and sales, as estimated by

Lead Plaintiffs, as well as the statutory PSLRA 90-day look-back amount of $4.57 per share.[2] Furthermore, if any of the formulas set forth below yield an amount less than $0.00, the claim per share shall be $0.00.

In addition, for each Chembio share purchased or acquired during the Class Period or in connection with the May 7, 2020 Offering, a Claimant's Recognized Loss Amount for such share purchase or acquisition will be the greater of (a) the Recognized Loss Amount for such purchase using the Section 11 calculations, or (b) the Recognized Loss Amount for such purchase using the Section 10(b) calculations.

A "claim" will be calculated as follows:

## TABLE A

### Section 11 - May 2020 Secondary Public Offering

***62.84% of the Net Settlement Fund shall be allocated to these claims***

Initial Public Offering Price:                    $11.75 per share
Closing price on the date the lawsuit was filed[3] :    $5.30 per share

---

For Chembio common stock purchased pursuant to and/or traceable to the Company's May 2020 Offering pursuant to a Prospectus Supplement dated May 7, 2020, and:

1)    sold prior to August 17, 2020, the claim per share is $11.75 less the sales price.

2)    retained, or sold, on or after August 17, 2020, the claim per share is the lesser of: (i) $6.45 ($11.75 less $5.30); or (ii) $11.75 less the sales price.

---

[2]    Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market (the "90-day look-back period")." Consistent with the requirements of the statute, Recognized Loss Amounts for Chembio common stock are reduced to an appropriate extent by taking into account the closing prices of Chembio common stock during the 90-day look-back period. The mean (average) closing price for Chembio common stock during this 90-day look-back period was $4.57 per share as shown in Table B.

[3]    Class Action Complaint with a Section 11 Claim was filed on August 17, 2020.

- 15 -

## Section 10(b)

### *37.16% of the Net Settlement Fund shall be allocated to these claims*

The allocation below is based on the following inflation per share amount for Class Period common stock purchases and sales, as estimated by Lead Plaintiffs (*see* Table A) as well as the statutory PSLRA 90 day-look back amount of $4.57 (*see* Table B). Furthermore, if any of the formulas set forth below yield an amount less than $0.00 the claim per share is $0.00.

**TABLE A**

| Inflation Period | Inflation per Share |
|---|---|
| March 12, 2020 – June 16, 2020 | $6.04 |

For shares of Chembio common stock purchased, or acquired, on or between March 12, 2020 through and including June 16, 2020, the claim per share shall be as follows:

a) If sold prior to June 17, 2020, the claim per share is $0.00.

b) If retained at the end of June 16, 2020 and sold on or before September 14, 2020, the claim per share shall be the least of: (i) the inflation per share at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table B below.

c) If retained at the close of trading on September 14, 2020, or sold thereafter, the claim per share shall be the least of: (i) the inflation per share at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and $4.57.

**TABLE B**

| Date | Closing Price | Average Closing Price |
|---|---|---|
| 6/17/2020 | $3.89 | $3.89 |
| 6/18/2020 | $3.76 | $3.82 |
| 6/19/2020 | $3.55 | $3.73 |
| 6/22/2020 | $3.67 | $3.72 |
| 6/23/2020 | $3.41 | $3.66 |
| 6/24/2020 | $3.52 | $3.63 |
| 6/25/2020 | $3.46 | $3.61 |
| 6/26/2020 | $3.27 | $3.57 |

- 16 -

| | | |
|---|---|---|
| 6/29/2020 | $3.18 | $3.52 |
| 6/30/2020 | $3.25 | $3.50 |
| 7/1/2020 | $3.28 | $3.48 |
| 7/2/2020 | $4.18 | $3.53 |
| 7/6/2020 | $4.03 | $3.57 |
| 7/7/2020 | $3.81 | $3.59 |
| 7/8/2020 | $4.27 | $3.64 |
| 7/9/2020 | $4.43 | $3.68 |
| 7/10/2020 | $4.24 | $3.72 |
| 7/13/2020 | $4.65 | $3.77 |
| 7/14/2020 | $5.46 | $3.86 |
| 7/15/2020 | $5.10 | $3.92 |
| 7/16/2020 | $5.01 | $3.97 |
| 7/17/2020 | $5.00 | $4.02 |
| 7/20/2020 | $4.94 | $4.06 |
| 7/21/2020 | $5.46 | $4.12 |
| 7/22/2020 | $4.98 | $4.15 |
| 7/23/2020 | $5.12 | $4.19 |
| 7/24/2020 | $5.07 | $4.22 |
| 7/27/2020 | $5.30 | $4.26 |
| 7/28/2020 | $5.07 | $4.29 |
| 7/29/2020 | $5.06 | $4.31 |
| 7/30/2020 | $5.36 | $4.35 |
| 7/31/2020 | $5.53 | $4.38 |
| 8/3/2020 | $5.87 | $4.43 |
| 8/4/2020 | $5.90 | $4.47 |
| 8/5/2020 | $5.93 | $4.51 |
| 8/6/2020 | $5.44 | $4.54 |
| 8/7/2020 | $5.49 | $4.57 |
| 8/10/2020 | $5.69 | $4.60 |
| 8/11/2020 | $5.35 | $4.61 |
| 8/12/2020 | $5.43 | $4.64 |
| 8/13/2020 | $5.09 | $4.65 |
| 8/14/2020 | $5.24 | $4.66 |
| 8/17/2020 | $5.30 | $4.68 |
| 8/18/2020 | $5.28 | $4.69 |
| 8/19/2020 | $5.50 | $4.71 |
| 8/20/2020 | $5.22 | $4.72 |
| 8/21/2020 | $5.07 | $4.73 |
| 8/24/2020 | $4.93 | $4.73 |
| 8/25/2020 | $4.70 | $4.73 |
| 8/26/2020 | $4.59 | $4.73 |

- 17 -

| | | |
|---|---|---|
| 8/27/2020 | $3.78 | $4.71 |
| 8/28/2020 | $4.10 | $4.70 |
| 8/31/2020 | $4.10 | $4.68 |
| 9/1/2020 | $3.90 | $4.67 |
| 9/2/2020 | $3.82 | $4.65 |
| 9/3/2020 | $3.64 | $4.64 |
| 9/4/2020 | $3.51 | $4.62 |
| 9/8/2020 | $3.80 | $4.60 |
| 9/9/2020 | $4.08 | $4.59 |
| 9/10/2020 | $4.10 | $4.59 |
| 9/11/2020 | $4.12 | $4.58 |
| 9/14/2020 | $4.32 | $4.57 |

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Class Members who held Chembio common stock at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim. Under the FIFO method, sales of Chembio common stock during the Class Period will be matched, in chronological order, first against Chembio common stock held at the beginning of the Class Period. The remaining sales of Chembio common stock the Class Period will then be matched, in chronological order, against Chembio common stock purchased during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a recognized loss under the Exchange Act or the Securities Act. However, the proceeds from sales of Chembio common stock that have been matched against Chembio common stock held at the beginning of the Class Period will not be used in the calculation of such net loss. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

A purchase or sale of Chembio common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of Chembio common stock during the Class Period shall not be deemed a purchase, acquisition or sale of Chembio common stock for the calculation of a claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such share unless specifically provided in the instrument of gift or assignment. The receipt of Chembio common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Chembio common stock.

With respect to Chembio common stock purchased or sold through the exercise of an option, the purchase/sale of the Chembio common stock is the exercise date of the option and the purchase/sale price of the Chembio common stock is the exercise price of the option. Any recognized claim arising from the purchase of Chembio common stock acquired during the Class Period through the exercise of an option on Chembio common stock shall be computed as provided for other purchases of Chembio common stock in the Plan of Allocation.

- 18 -

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants on a pro rata basis. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator, or other Person designated by Lead Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased Chembio common stock during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such Chembio common stock during such time period, or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) days mail the Notice and Proof of Claim form directly to the beneficial owners of the Chembio common stock referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator at:

- 19 -

*Chembio Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box _____
_____

DATED: _____    _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- 20 -

# EXHIBIT A-2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| In re CHEMBIO DIAGNOSTICS, INC.<br>SECURITIES LITIGATION | : | Civil Action No. 2:20-cv-02706-ARR-JMW |
| | : | |
| | : | CLASS ACTION |
| | : | |
| This Document Relates To: | : | PROOF OF CLAIM AND RELEASE |
| | : | |
| ALL ACTIONS. | : | EXHIBIT A-2 |
| | : | |
| | x | |

4859-2587-7814.v2

## I.    GENERAL INSTRUCTIONS

1.    To recover as a Member of the Class based on your claims in the action *In re Chembio Diagnostics, Inc. Sec. Litig.*, No. 2:20-cv-02706-ARR-JMW (the "Action"), you must complete and, on page __ hereof, sign this Proof of Claim and Release.  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release form, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Action (the "Settlement").[1]

2.    Submission of this Proof of Claim and Release form, however, does not assure that you will share in the proceeds of the Settlement.

3.    YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN _____, 2023, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS:

*Chembio Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box _____
_____
Online Submissions: www.ChembioSecuritiesSettlement.com

If you are NOT a Member of the Class (as defined below and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim and Release form.

---

[1]    This Proof of Claim and Release incorporates by reference the definitions in the Stipulation and Agreement of Settlement ("Stipulation"), which can be obtained at www.ChembioSecuritiesSettlement.com.

- 1 -

4.      If you are a Member of the Class and you do not request exclusion, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.    CLAIMANT IDENTIFICATION

You are a Member of the Class if you purchased Chembio common stock directly in and/or traceable to Chembio's public offering of common stock pursuant to a Prospectus supplement dated May 7, 2020 (the "May 2020 Offering") or if you purchased or otherwise acquired Chembio common stock during the period from March 12, 2020 through June 16, 2020, inclusive.  Excluded from the Class are:  (a) Defendants; (b) the Immediate Family of the Individual Defendants; (c) any Person who was an officer or director of Chembio or an Underwriter Defendant during the Class Period; (d) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest (provided, however, that any Investment Vehicle shall not be excluded from the Class); and (e) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded Person.  Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requests exclusion in accordance with the requirements set by the Court.

Use Part I of the attached form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the Chembio common stock which forms the basis of your claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE CHEMBIO COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

- 2 -

4859-2587-7814.v2

All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their titles or capacities must be stated. The last four digits of the Social Security number (or full taxpayer identification number) and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Member of the Class (for example, as an executor, administrator, trustee, guardian, conservator, or other representative), you must submit evidence of your current authority to act on behalf of that Member of the Class. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim and Release form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

## III.    CLAIM FORM

Use Part II of the attached form, "Schedule of Transactions in Chembio Common Stock," to supply all required details of your transaction(s) in Chembio common stock. If you need more space

4859-2587-7814.v2

or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases and *all* of your sales of Chembio common stock between March 12, 2020 through September 14, 2020, inclusive, and/or in the May 2020 Offering, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to *all* of the shares of Chembio common stock you held at the close of trading on March 11, 2020, June 16, 2020, and September 14, 2020. Failure to report all such transactions may result in the rejection of your claim.

List these transactions separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of Chembio common stock, and the date of a "short sale" is deemed to be the date of sale of Chembio common stock.

For each transaction, you must provide, together with this claim form, copies of stockbroker confirmation slips, stockbroker statements, or other documents adequately evidencing your transactions in Chembio common stock. If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

- 4 -

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

*In re Chembio Diagnostics, Inc. Sec. Litig.*,

Civil Action No. 2:20-cv-02706-ARR-JMW

PROOF OF CLAIM AND RELEASE

Must Be Postmarked (if mailed) or Received (if submitted online) No Later Than:

_____, 2023

<u>Please Type or Print</u>

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN CHEMBIO COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

**PART I: CLAIMANT IDENTIFICATION**

Last Name | M.I. | First Name

Last Name (Co-Beneficial Owner) | M.I. | First Name (Co-Beneficial Owner)

○ IRA   ○ Joint Tenancy   ○ Employee   ○ Individual   ○ Other_____ (specify)
Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

LAST 4 DIGITS OF SOCIAL SECURITY NUMBER _____ or Taxpayer Identification Number ___—_____

Telephone Number (Primary Daytime) ___—___—_____   Telephone Number (Alternate) ___—___—_____

Email Address

**MAILING INFORMATION**

Address

Address

City | State | Zip Code

Foreign Province | Foreign Postal Code | Foreign Country Name/Abbreviation

- 5 -

PART II:    SCHEDULE OF TRANSACTIONS IN CHEMBIO COMMON STOCK

A.    Number of shares of Chembio common stock held at the close of trading on March 11, 2020: _____

Proof Enclosed?
◯ Y
◯ N

B.    Purchases of Chembio common stock between March 12, 2020 and September 14, 2020, inclusive (excluding purchases in Chembio's May 2020 Offering at $11.75 per share):

| Trade Date<br>Month Day Year | Number of Shares<br>Purchased | Total Purchase Price |
| --- | --- | --- |
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

C.    Purchases of Chembio common stock pursuant to Chembio's Prospectus Supplement dated May 7, 2020 at $11.75 per share: _____

D.    Sales of Chembio common stock between March 12, 2020 and September 14, 2020, inclusive:

SALES

| | Trade Date(s) of Shares<br>(List Chronologically)<br>M M   D D   Y Y Y Y | Number of Shares<br>Sold | Total Sales Price<br>(Excluding Commissions,<br>Taxes and Fees)<br>Please round off to<br>the nearest whole dollar | Proof of<br>Sales<br>Enclosed? |
| --- | --- | --- | --- | --- |
| 1. | □□ / □□ / □□□□ | □□□□□ | $ □□□□□ . 0 0 | ◯Y ◯N |
| 2. | □□ / □□ / □□□□ | □□□□□ | $ □□□□□ . 0 0 | ◯Y ◯N |
| 3. | □□ / □□ / □□□□ | □□□□□ | $ □□□□□ . 0 0 | ◯Y ◯N |
| 4. | □□ / □□ / □□□□ | □□□□□ | $ □□□□□ . 0 0 | ◯Y ◯N |

4859-2587-7814.v2

E.      Number of shares of Chembio common stock held at the close of trading on June 16,
2020:

Proof Enclosed?
◯ Y
◯ N

F.      Number of shares of Chembio common stock held at the close of trading on
September 14, 2020:

Proof Enclosed?
◯ Y
◯ N

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ, ACKNOWLEDGE, ACCEPT AND AGREE TO THE RELEASES DESCRIBED IN SECTION V BY SIGNING ON PAGE ___ OF THIS PROOF OF CLAIM AND RELEASE.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of New York with respect to my (our) claim as a Member of the Class and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of the Stipulation and any judgment that may be entered in the Action, including the releases and the covenants set forth herein.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim in connection with the purchase of Chembio common stock during the Class Period and know of no other person having done so on my (our) behalf.

- 7 -

## V.    RELEASES

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, compromise, settle, discharge, extinguish and release each and all of the Released Defendant Parties from the Released Plaintiffs' Claims.

2.    "Released Defendant Party" or "Released Defendant Parties" means each and all of Defendants, Defendants' Counsel, and any of their respective Related Parties.

3.    "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown Claims (as defined below), accrued or unaccrued, in law or in equity, whether arising under federal, state, common or foreign law, whether direct, indirect, or derivative, that Lead Plaintiffs or any other member of the Class (a) asserted in the Action or (b) could have asserted in the Action or in any forum that arise out of, relate to, or are based upon the allegations, transactions, facts, matters, occurrences, representations, or omissions involved, set forth, or referred to in the Action and relate to or arise from the purchase or acquisition of Chembio common stock during the Class Period.  Notwithstanding the foregoing, "Released Plaintiffs' Claims" do not include: (i) the derivative claims alleged in *Wong v. Eberly, et al.*, Case No. 1:20-cv-04269 (E.D.N.Y.) and *Chen v. Eberly, et al.*, Index No. 606168/2022 (N.Y. Sup. Ct. Suffolk Cty.); (ii) any claims related to the enforcement of the Settlement; and (iii) claims of any Person who submits a request for exclusion that is accepted by the Court.

4.    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, whether known or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for any claims relating to the enforcement of the Settlement and the derivative claims alleged in *Wong v. Eberly, et al.*, Case No.

- 8 -

1:20-cv-04269 (E.D.N.Y.) and *Chen v. Eberly, et al.*, Index No. 606168/2022 (N.Y. Sup. Ct. Suffolk Cty.).

5.    "Unknown Claims" means (a) any and all Released Plaintiffs' Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Lead Plaintiffs, the Class and Lead Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiffs, the Class and Lead Counsel. With respect to (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiffs, the Class and Lead Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to

- 9 -

California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiffs, the Class and Lead Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without

- 10 -

regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

6.       These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

7.       I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

8.       I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of Chembio common stock in the May 2020 Offering and during the Class Period and the number of shares of Chembio common stock held by me (us) at the close of trading on March 11, 2020, June 16, 2020, and September 14, 2020.

I (We) acknowledge, accept and agree to the Releases described above and declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

4859-2587-7814.v2

Executed this _____ day of _____ in _____
                                    (Month/Year)                            (City/State/Country)

_____     _____
(Sign your name here)                            (Sign your name here)

_____     _____
(Type or print your name here)                   (Type or print your name here)

_____     _____
(Capacity of person(s) signing, *e.g.*,             (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser, Executor or Administrator)     Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.

2. If this Claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send originals of certificates.**

5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. **Do not use red pen or highlighter** on the Proof of Claim and Release form or supporting documentation.

**THIS PROOF OF CLAIM AND RELEASE FORM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN _____ __, 2023**,

**ADDRESSED AS FOLLOWS:**

*Chembio Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box _____
_____
www.ChembioSecuritiesSettlement.com

- 12 -

# EXHIBIT A-3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————— x

In re CHEMBIO DIAGNOSTICS, INC.          :    Civil Action No. 2:20-cv-02706-ARR-JMW
SECURITIES LITIGATION                    :
                                         :    CLASS ACTION
———————————————————————— :
                                         :
This Document Relates To:                :    SUMMARY NOTICE OF PROPOSED
                                         :    SETTLEMENT OF CLASS ACTION
        ALL ACTIONS.                     :
                                         :    EXHIBIT A-3
———————————————————————— x

**TO: ALL PERSONS WHO PURCHASED CHEMBIO DIAGNOSTICS, INC. ("CHEMBIO" OR THE "COMPANY") COMMON STOCK DIRECTLY IN OR TRACEABLE TO CHEMBIO'S MAY 2020 OFFERING AND/OR OTHERWISE PURCHASED OR ACQUIRED CHEMBIO COMMON STOCK DURING THE CLASS PERIOD BETWEEN MARCH 12, 2020 THROUGH JUNE 16, 2020, INCLUSIVE AND ARE NOT OTHERWISE EXCLUDED FROM THE CLASS (THE "CLASS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.   IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED pursuant to Rule 23 of the Federal Rules of Civil Procedure that a hearing will be held in the above-captioned action (the "Action") on _____, at _:00 _.m., before the Honorable Allyne R. Ross at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, for the purpose of determining whether: (1) the proposed settlement (the "Settlement") of the above-captioned action as set forth in the Stipulation and Agreement of Settlement ("Stipulation")[1] for $8,100,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Action with prejudice; (3) to award Lead Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is discussed below) and, if so, in what amount; (4) to award Lead Plaintiffs reimbursement for their time and expenses in connection with their representation of the Class; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable and adequate.

The Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear remotely at the hearing, without further written notice to the Class.  In order to determine whether the date and time of the Settlement Hearing have

---

[1]      The Stipulation can be viewed and/or obtained at www.ChembioSecuritiesSettlement.com.

- 1 -

changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.ChembioSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any and all updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.ChembioSecuritiesSettlement.com.  Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by remote means, the information for accessing the conference will be posted to the Settlement website, www.ChembioSecuritiesSettlement.com.

IF YOU PURCHASED CHEMBIO COMMON STOCK DIRECTLY IN OR TRACEABLE TO CHEMBIO'S PUBLIC OFFERING OF COMMON STOCK PURSUANT TO A PROSPECTUS SUPPLEMENT DATED MAY 7, 2020 (THE "MAY 2020 OFFERING"), OR OTHERWISE PURCHASED OR ACQUIRED CHEMBIO COMMON STOCK BETWEEN MARCH 12, 2020 THROUGH JUNE 16, 2020, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS ACTION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than _____, 2023)** or electronically **(no later than _____, 2023)**.

Your failure to submit your Proof of Claim by _____, 2023, will subject your claim to rejection and preclude your receipt of any of the recovery in connection with the Settlement of this Action.  If you purchased Chembio common stock directly in or traceable to Chembio's May 2020 Offering, or otherwise purchased or acquired Chembio common stock between March 12, 2020 through June 16, 2020, inclusive, and do not request exclusion from the Class, you will be bound by

- 2 -

the Settlement and any judgment and release entered in the Action, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

If you have not received a copy of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), and a Proof of Claim, you may obtain these documents, as well as a copy of the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other Settlement documents, online at www.ChembioSecuritiesSettlement.com, or by writing to:

*Chembio Securities Settlement*
c/o Gilardi & Co. LLC
P.O. Box ____
_____

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 800/449-4900

ROLNICK KRAMER SADIGHI LLP
LAWRENCE M. ROLNICK
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212/597-2800

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY _____, 2023**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL CLASS MEMBERS WHO

- 3 -

4860-9727-2371.v2

HAVE NOT TIMELY AND VALIDLY REQUESTED EXCLUSION FROM THE CLASS WILL

BE BOUND BY ANY JUDGMENT ENTERED IN THE ACTION PURSUANT TO THE TERMS

AND CONDITIONS OF THE STIPULATION EVEN IF THEY DO NOT SUBMIT A TIMELY

PROOF OF CLAIM.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE

SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD COUNSEL FOR AN

AWARD OF ATTORNEYS' FEES NOT TO EXCEED 27.5% OF THE $8,100,000 SETTLEMENT

AMOUNT AND EXPENSES NOT TO EXCEED $50,000, OR TO AN AWARD TO LEAD

PLAINTIFFS IN CONNECTION WITH THEIR REPRESENTATION OF THE CLASS.  ANY

OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND

DEFENDANTS' COUNSEL **BY _____, 2023**, AT THE FOLLOWING ADDRESSES:

| | |
|---|---|
| ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>ELLEN GUSIKOFF STEWART<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101 | ROLNICK KRAMER SADIGHI LLP<br>LAWRENCE M. ROLNICK<br>1251 Avenue of the Americas<br>New York, NY  10020 |
| K&L GATES LLP<br>JOHN W. ROTUNNO<br>70 West Madison Street, Suite 3300<br>Chicago, IL  60602<br><br>JOANNA A. DIAKOS<br>599 Lexington Avenue<br>New York, NY  10022 | LATHAM & WATKINS LLP<br>COLLEEN C. SMITH<br>12670 High Bluff Drive<br>San Diego, CA  92130 |

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING

THIS NOTICE.  If you have any questions about the settlement, you may contact Lead Counsel for

Lead Plaintiffs and the Class at the address listed above or by email at settlementinfo@rgrdlaw.com.

DATED: _____          BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        EASTERN DISTRICT OF NEW YORK

- 4 -

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| In re CHEMBIO DIAGNOSTICS, INC. SECURITIES LITIGATION | : | Civil Action No. 2:20-cv-02706-ARR-JMW |
| | : | |
| | : | CLASS ACTION |
| | : | |
| This Document Relates To: | : | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| ALL ACTIONS. | : | |
| | : | |
| | : | EXHIBIT B |
| | x | |

This matter came before the Court pursuant to the Order Granting Preliminary Approval Pursuant to Fed. R. Civ. P. 23 and Authorizing Notice to the Class ("Notice Order") dated __, 2022, on the application of the parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated December 28, 2022 (the "Stipulation").  Due and adequate notice having been given to the Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    **Incorporation of Settlement Documents:**  This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with this Court on December 28, 2022; and (b) the Settlement Notice and Summary Notice, both of which were filed with the Court on December 28, 2022.  This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.    **Jurisdiction:**  This Court has jurisdiction over the subject matter of this Action, and all matters relating to the Settlement, as well as personal jurisdiction over all Settling Parties and each of the Class Members.

3.    **Class Certification for Settlement Purposes Only:**  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Order and finally certifies, for purposes of settlement only, a Class defined as:  collectively: (i) all Persons who purchased Chembio common stock directly in or traceable to Chembio's public offering of common stock pursuant to a Prospectus Supplement dated May 7, 2020, and (ii) all other Persons who purchased or otherwise acquired Chembio securities during the period between March 12, 2020 through June 16, 2020, inclusive (the "Class Period").  Excluded from the Class are: (i) Defendants; (ii) Immediate Family of the Individual Defendants; (iii) any Person who was an officer or director

- 1 -

of Chembio or an Underwriter Defendant during the Class Period; (iv) any firm, trust, corporation, or other entity in which in which any Defendant has or had a controlling interest (provided, however, that any Investment Vehicle shall not be excluded from the Class); and (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded Person.  Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requested exclusion in accordance with the requirements set by the Court, as identified in Exhibit 1 hereto.

4.    **Court's Findings:**  The Court finds that:  (a) the Members of the Class are so numerous that joinder of all Class Members in the Class is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the Members of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the Members of the Class in individually controlling the prosecution with separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5.    **Final Settlement Approval and Dismissal of Claims:**  Pursuant to Federal Rule of Civil Procedure 23, the Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the Settlement Amount, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in

the Action) and finds that the Settlement is, in all respects, fair, reasonable, and adequate and in the best interest of the Class.  Specifically, the Court finds that:

      (a)     Lead Plaintiffs and Lead Counsel have adequately represented the Class;

      (b)     there was no collusion in connection with the Settlement;

      (c)     the Settlement was the product of informed, arm's-length negotiations among competent, able counsel;

      (d)     the relief provided for the Class under the Settlement is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Members' Claims; (iii) the terms of any proposed award of attorneys' fees, including the timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(2);

      (e)     the proposed Plan of Allocation treats Class Members equitably relative to each other; and

      (f)     the record is sufficiently developed and complete to have enabled Lead Plaintiffs and Defendants to have adequately evaluated and considered their positions.

Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Action and all claims asserted therein with prejudice.  The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

4869-1437-5475.v2

6.    **Releases:**  Upon the Effective Date, and as provided in the Stipulation, each and every Releasing Plaintiff Party, including, but not limited to, Lead Plaintiffs shall, and each of the Class Members, on behalf of themselves, their successors and assigns, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims (including Unknown Claims) against each and every one of the Released Defendant Parties, whether or not such Class Member executes and delivers the Proof of Claim and Release form or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation or any order of the Court in the Action are not released.  Nothing contained herein shall release or bar any Releasing Plaintiff Party or Released Defendant Parties from bringing any action or claim to enforce the terms of the Stipulation or this Final Judgment.

7.    **Injunction:**

(a)    Upon the Effective Date, and as provided in the Stipulation, each and every Releasing Plaintiff Party, including, but not limited to, Lead Plaintiffs and all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute or maintaining any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.

(b)    Upon the Effective Date, as provided in the Stipulation and to the fullest extent permitted by law, all Persons shall be permanently enjoined, barred, and restrained from bringing, commencing, prosecuting, or asserting any claims, actions, or causes of action for

- 4 -

contribution, indemnity, or otherwise against any of the Released Defendant Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment, or settlement which they pay, are obligated to pay, agree to pay, or that are paid on their behalf to the Class or any Class Member arising out of, relating to or concerning any acts, facts, statements, or omissions that were or could have been alleged in the Action, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, third-party claims, or otherwise, in the Court or any federal, state or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other forum.  For avoidance of doubt, nothing in the Order shall bar or otherwise affect any claim for insurance coverage, indemnity, or advancement between Released Defendant Parties, nor shall anything in this Order affect, release or discharge any claim defendant Chembio may have against its insurance carriers.

8.    **Discharge of Released Defendants' Claims:**  Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Lead Plaintiffs, each and all of the Class Members, and Lead Counsel.  Claims to enforce the terms of the Stipulation or any order of the Court in the Action are not released.

9.    **Notice:**  The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the

- 5 -

requirements of due process. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Members of the Class are bound by this Judgment, except those persons listed on Exhibit 1 to this Judgment.

10.     **Separate Order on Plan of Allocation and Fee Application:**  Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Separate orders shall be entered regarding approval of the Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and expenses.

11.     **No Admissions:**  Neither this Judgment, the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Plaintiffs' Claims, or of any wrongdoing or liability of the Released Defendant Parties or their respective Related Parties, or (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Defendant Parties and/or their respective Related Parties may file the Stipulation and/or this Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on

- 6 -

principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.    **Settlement Fund:**  The Court finds that Defendants have satisfied their financial obligations under the Stipulation by paying or causing to be paid $8,100,000 to the Settlement Fund, in accordance with ¶2.2 of the Stipulation.

13.    **Retention of Jurisdiction:**  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Action; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

14.    **Rule 11 Findings:**  The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Federal Rule of Civil Procedure 11 in connection with the institution, prosecution, defense, and settlement of the Action.

15.    **Binding Effect:**  The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Class Members (regardless of whether or not any individual Class Member submits a Proof of Claim and Release form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

16.    **Termination of the Settlement:**  In the event that the Effective Date of the Settlement, as defined in the Stipulation, fails to occur, and the Settlement Fund, or any portion thereof, is returned to Chembio or its insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and be of no further force or effect, except as provided by the Stipulation, and this Judgment shall be without prejudice to the rights of

- 7 -

Lead Plaintiffs, the other Class Members, and Defendants, and the Settling Parties shall revert to their respective positions in the Action as of August 26, 2022, as provided in the Stipulation.

17.    **Modification of the Agreement of Settlement:**  The Settling Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that:  (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.    **Dismissal with Prejudice:**  This Action and all Released Plaintiffs' Claims are dismissed with prejudice.  The parties are to bear their own costs, except as otherwise agreed to in writing by the Settling Parties or as otherwise provided in the Stipulation or Judgment.

19.    **Entry of Final Judgment:**  There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _____          _____
                                                      THE HONORABLE ALLYNE R. ROSS
                                                      UNITED STATES DISTRICT JUDGE

- 8 -

4869-1437-5475.v2