UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————— x

In re CHEMBIO DIAGNOSTICS, INC.
SECURITIES LITIGATION

————————————————————

This Document Relates To:

    ALL ACTIONS.

———————————————————— x

:    Civil Action No. 2:20-cv-02706-ARR-JMW
:
:    CLASS ACTION
:
:
:    REPLY MEMORANDUM OF LAW IN
:    FURTHER SUPPORT OF MOTIONS FOR
:    FINAL APPROVAL OF SETTLEMENT
:    AND APPROVAL OF PLAN OF
   ALLOCATION AND AN AWARD OF
ATTORNEYS' FEES AND LITIGATION
EXPENSES AND AN AWARD TO LEAD
PLAINTIFF PURSUANT TO 15 U.S.C. §78u-
4(a)(4)

4890-6187-8118.v1

Lead Plaintiffs Municipal Employees' Retirement System of Michigan ("MERS"), Special Situations Fund III QP, L.P., Special Situations Cayman Fund, L.P., and Special Situations Private Equity Fund, L.P. (collectively, "Lead Plaintiffs") respectfully submit this reply memorandum of law in further support of their application for approval of the $8,100,000 Settlement, the Plan of Allocation, and an award of attorneys' fees and expenses and award to Lead Plaintiff MERS.[1]

## I.    PRELIMINARY STATEMENT

The proposed Settlement resolves this Action in its entirety in exchange for a cash payment of $8,100,000.  As detailed in the opening papers (ECF 124), the Settlement is the product of vigorous arm's-length negotiations based on a well-developed understanding of the strengths and weaknesses of the claims and defenses, as well as the procedural posture of the case.  It represents a very favorable result for the Class in light of the substantial challenges that Lead Plaintiffs would have faced in proving liability and damages.

Pursuant to the Preliminary Approval Order (ECF 121), the Claims Administrator, under the supervision of Lead Counsel, conducted an extensive notice program, including mailing over 33,200 copies of the Notice Packet to potential Class Members and nominees.  No Class Member has objected to any aspect of the Settlement, Plan of Allocation, or fee and expense application.  Nor have any requests for exclusion been received.  As explained below, the Class's reaction confirms that the proposed Settlement, the Plan of Allocation, and the request for attorneys' fees and expenses and an award to Lead Plaintiff MERS are fair and reasonable, and should be approved.

---

[1]    Unless otherwise noted, capitalized terms have the meanings given to them in the Stipulation and Agreement of Settlement (ECF 117-2) or in the Joint Declaration of Lawrence M. Rolnick and David A. Rosenfeld in Support of (A) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation and (B) Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses and an Award to Lead Plaintiff Pursuant to 15 U.S.C. §78u-4(a)(4).  ECF 124-3.

4890-6187-8118.v1

## II.    THE REACTION OF THE CLASS SUPPORTS APPROVAL

Lead Plaintiffs and Lead Counsel respectfully submit that their opening papers demonstrate why approval of the application is warranted.  Now that the time for objecting or requesting exclusion from the Class has passed, the lack of any objections or opt-outs provides additional support for approval of the application.

Pursuant to the Preliminary Approval Order, more than 33,200 copies of the Notice Packet were mailed to potential Class Members and their nominees.  *See* Supplemental Declaration of Ross D. Murray Regarding Notice Dissemination and Requests for Exclusion Received to Date ("Murray Suppl. Decl."), ¶4, submitted herewith.  The Notice informed Class Members of the terms of the proposed Settlement and Plan of Allocation, that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 27.5% of the Settlement Amount and payment of litigation expenses not more than $50,000, plus interest on both amounts, and that one or more Lead Plaintiffs may request an award of up to $4,000 in connection with their representation of the Class.  Notice (ECF 124-7), at 2.  Lead Counsel are requesting amounts lower than those set forth in the Notice.  Specifically, Lead Counsel requests an award of attorneys' fees of 24% of the Settlement Amount, expenses of $16,339.68, and an award to Lead Plaintiff MERS of $3,600.  *See* ECF 124-2.

The Notice also apprised Class Members of their right to object to any aspect of the proposed Settlement, Plan of Allocation, or requested attorneys' fees and expenses and Lead Plaintiff awards, as well as their right to exclude themselves from the Class and the May 15, 2023 deadline for doing so.  ECF 124-7.  The Summary Notice, which informed readers of the proposed Settlement, how to obtain copies of the Notice Packet, and the deadlines for the submission of Claim Forms, objections, and requests for exclusion, was published in *The Wall Street Journal* and released over *Business Wire*.  *See* ECF 124-7 (Declaration of Ross D. Murray Regarding Notice Dissemination, Publication,

- 2 -

4890-6187-8118.v1

and Requests for Exclusion Received to Date), ¶12. The Claims Administrator also established a Settlement-specific website (www.ChembioSecuritiesSettlement.com) that provided information and links to relevant documents (*id.*, ¶14), and the Notice directed potential Class Members to contact Lead Counsel with any questions. Notice (ECF 124-7), at 2.

As noted above, following this notice program, no Class Member objected to any aspect of the Settlement, the Plan of Allocation, or the fee and expense application or the requested Lead Plaintiff award. No Class Members requested exclusion from the Class. Murray Suppl. Decl., ¶¶5-6.

The absence of any objections or requests for exclusion strongly support a finding that the Settlement is fair, reasonable, and adequate. Indeed, "the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005); *see also Rodriguez v. CPI Aerostructures, Inc.*, 2023 U.S. Dist. LEXIS 26891, at *40 (E.D.N.Y. Feb. 16, 2023), Report and Recommendation ("Given the thousands of Notice Packets that have been sent and no opt-outs or objectors, the Court concludes that the reaction has been very high for a class action of this type."), adopted by *Rodriguez v. CPI Aerostructures, Inc.*, 2023 U.S. Dist. LEXIS 42143 (E.D.N.Y. Mar. 10, 2023); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate."); *see also In re Sturm, Ruger, & Co., Inc. Sec. Litig.*, 2012 WL 3589610, at *5 (D. Conn. Aug. 20, 2012) ("'[T]he absence of objectants may itself be taken as evidencing the fairness of a settlement.'") (citation omitted).

Although a "certain number of objections are to be expected in a class action with an extensive notice campaign and a potentially large number of class members," *In re Payment Card*

- 3 -

*Interchange Fee & Merch. Disc. Antitrust Litig.*, 2019 WL 6875472, at \*16 (E.D.N.Y. Dec. 16, 2019), "'[i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.'" *Id.* (quoting *Wal-Mart*, 396 F.3d at 118).[2]  As Judge Sweet has recognized: "The overwhelmingly positive reaction – or absence of a negative reaction – weighs strongly in favor of confirming the Proposed Settlement." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018).

The absence of objections by sophisticated institutional investors further evidences the fairness of the Settlement. *See In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (holding that the reaction of the class supported the settlement where "not a single objection was received from any of the institutional investors that hold the majority of Citigroup stock"); *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, 2006 WL 903236, at \*10 (S.D.N.Y. Apr. 6, 2006) (finding that the lack of objections from institutional investors supported approval of settlement).

The lack of any objection also supports approval of the Plan of Allocation. *In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at \*6 (S.D.N.Y. July 21, 2020); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at \*14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members.  This favorable reaction of the Class supports approval of the Plan of Allocation.").

Finally, the positive reaction of the Class is also relevant to Lead Counsel's motion for an award of attorneys' fees and expenses and award to Lead Plaintiff.  The absence of objections supports a finding that these requests are fair and reasonable. *In re Signet*, 2020 WL 4196468, at

---

[2]     *See also In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 176 (S.D.N.Y. 2014) (same); *Athale v. Sinotech Energy Ltd.*, 2013 WL 11310686, at \*4 (S.D.N.Y. Sept. 4, 2013) (same).

4890-6187-8118.v1

*21. *See also In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (holding that the reaction of class members to a fee and expense request "'is entitled to great weight by the Court'" and the absence of any objection "suggests that the fee request is fair and reasonable") (citation omitted).

Again, the lack of objections from institutional investors supports approval. *In re Signet*, 2020 WL 4196468, at *21 ("As with approval of the Settlement, the lack of objections by institutional investors is notable, and lends further support to approval of the fee request."). *Accord In re Bisys Sec. Litig.*, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (noting the lack of objections from institutional investors supported the approval of fee request because "the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive").

## III.   CONCLUSION

Lead Counsel obtained a very favorable settlement in a case that faced a multitude of hurdles. For the foregoing reasons and those set forth in the opening papers, Lead Plaintiffs respectfully request that the Court approve the Settlement, Plan of Allocation, and request for attorneys' fees and expenses and award to Lead Plaintiff MERS. Copies of the proposed: (i) Judgment; (ii) Order Approving Plan of Allocation; and (iii) Order Awarding Attorneys' Fees and Litigation Expenses and an Award to Lead Plaintiff Pursuant to 15 U.S.C. §78u-4(a)(4), are submitted herewith.

DATED:  May 26, 2023                    Respectfully submitted,

                                        ROBBINS GELLER RUDMAN
                                          & DOWD LLP
                                        SAMUEL H. RUDMAN
                                        DAVID A. ROSENFELD


                                        *s/ David A. Rosenfeld*
                                        DAVID A. ROSENFELD

- 5 -

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
    & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com

ROLNICK KRAMER SADIGHI LLP
LAWRENCE M. ROLNICK
MARC B. KRAMER
BRANDON FIERRO
1251 Avenue of the Americas
New York, NY  10020
Telephone:  212/597-2838
lrolnick@rksllp.com
mkramer@rksllp.com
bfierro@rksllp.com

Co-Lead Counsel for Lead Plaintiffs

- 6 -

CERTIFICATE OF SERVICE

I, David A. Rosenfeld, hereby certify that on May 26, 2023, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

_/s/ David A. Rosenfeld_
DAVID A. ROSENFELD