UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| In re CHEMBIO DIAGNOSTICS, INC.<br>SECURITIES LITIGATION | : <br> : <br> : | Civil Action No. 2:20-cv-02706-ARR-JMW<br><br>CLASS ACTION |
| | : <br> : | |
| This Document Relates To: | : <br> : | [PROPOSED] FINAL JUDGMENT AND<br>ORDER OF DISMISSAL WITH PREJUDICE |
| ALL ACTIONS. | : <br> : | |
| | x | |

This matter came before the Court pursuant to the Opinion & Order ("Notice Order") dated February 3, 2023, on the application of the parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated December 28, 2022 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    **Incorporation of Settlement Documents:** This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with this Court on December 28, 2022; and (b) the Settlement Notice and Summary Notice, both of which were filed with the Court on December 28, 2022. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.    **Jurisdiction:** This Court has jurisdiction over the subject matter of this Action, and all matters relating to the Settlement, as well as personal jurisdiction over all Settling Parties and each of the Class Members.

3.    **Class Certification for Settlement Purposes Only:** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Order and finally certifies, for purposes of settlement only, a Class defined as: collectively: (a) all Persons who purchased Chembio common stock directly in or traceable to Chembio's secondary public offering pursuant to a Prospectus Supplement dated May 7, 2020; and (b) all other Persons who purchased or otherwise acquired Chembio securities during the period between March 12, 2020 through June 16, 2020, inclusive (the "Class Period"). Excluded from the Class are: (i) Defendants; (ii) Immediate Family of the Individual Defendants; (iii) any Person who was an officer or director of Chembio or

- 1 -

an Underwriter Defendant during the Class Period; (iv) any firm, trust, corporation, or other entity in which in which any Defendant has or had a controlling interest (provided, however, that any Investment Vehicle shall not be excluded from the Class); and (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded Person. Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requested exclusion in accordance with the requirements set by the Court, of which there are none.

4.    **Court's Findings:**  The Court finds that: (a) the Members of the Class are so numerous that joinder of all Class Members in the Class is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the Members of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the Members of the Class in individually controlling the prosecution with separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5.    **Final Settlement Approval and Dismissal of Claims:**  Pursuant to Federal Rule of Civil Procedure 23, the Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the Settlement Amount, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action) and finds that the Settlement is, in all respects, fair, reasonable, and adequate and in the best interest of the Class. Specifically, the Court finds that:

(a)    Lead Plaintiffs and Lead Counsel have adequately represented the Class;

(b)    there was no collusion in connection with the Settlement;

(c)    the Settlement was the product of informed, arm's-length negotiations among competent, able counsel;

(d)    the relief provided for the Class under the Settlement is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Members' Claims; (iii) the terms of any proposed award of attorneys' fees, including the timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(2);

(e)    the proposed Plan of Allocation treats Class Members equitably relative to each other; and

(f)    the record is sufficiently developed and complete to have enabled Lead Plaintiffs and Defendants to have adequately evaluated and considered their positions. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class (of which there are none), the Court hereby dismisses the Action and all claims asserted therein with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

6.    **Releases:**  Upon the Effective Date, and as provided in the Stipulation, each and every Releasing Plaintiff Party, including, but not limited to, Lead Plaintiffs shall, and each of the Class Members, on behalf of themselves, their successors and assigns, shall be deemed to have, and

- 3 -

by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims (including Unknown Claims) against each and every one of the Released Defendant Parties, whether or not such Class Member executes and delivers the Proof of Claim and Release form or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation or any order of the Court in the Action are not released.  Nothing contained herein shall release or bar any Releasing Plaintiff Party or Released Defendant Parties from bringing any action or claim to enforce the terms of the Stipulation or this Final Judgment.

7.    **Injunction:**

(a)    Upon the Effective Date, and as provided in the Stipulation, each and every Releasing Plaintiff Party, including, but not limited to, Lead Plaintiffs and all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute or maintaining any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.

(b)    Upon the Effective Date, as provided in the Stipulation and to the fullest extent permitted by law, all Persons shall be permanently enjoined, barred, and restrained from bringing, commencing, prosecuting, or asserting any claims, actions, or causes of action for contribution, indemnity, or otherwise against any of the Released Defendant Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment, or settlement which they pay, are obligated to pay, agree to pay, or that are paid on their behalf to the Class or any Class

- 4 -

Member arising out of, relating to, or concerning any acts, facts, statements, or omissions that were or could have been alleged in the Action, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, third-party claims, or otherwise, in the Court or any federal, state or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other forum.  For avoidance of doubt, nothing in the Order shall bar or otherwise affect any claim for insurance coverage, indemnity, or advancement between Released Defendant Parties, nor shall anything in this Order affect, release or discharge any claim defendant Chembio may have against its insurance carriers.

8.　　**Discharge of Released Defendants' Claims:**  Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Lead Plaintiffs, each and all of the Class Members, and Lead Counsel.  Claims to enforce the terms of the Stipulation or any order of the Court in the Action are not released.

9.　　**Notice:**  The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.  No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Class

Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Members of the Class are bound by this Judgment.

10. **Separate Order on Plan of Allocation and Fee Application:** Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Separate orders shall be entered regarding approval of the Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and expenses.

11. **No Admissions:** Neither this Judgment, the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Plaintiffs' Claims, or of any wrongdoing or liability of the Released Defendant Parties or their respective Related Parties, or (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Defendant Parties and/or their respective Related Parties may file the Stipulation and/or this Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.     **Settlement Fund:**  The Court finds that Defendants have satisfied their financial obligations under the Stipulation by paying or causing to be paid $8,100,000 to the Settlement Fund, in accordance with ¶2.2 of the Stipulation.

13.     **Retention of Jurisdiction:**  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Action; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

14.     **Rule 11 Findings:**  The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Federal Rule of Civil Procedure 11 in connection with the institution, prosecution, defense, and settlement of the Action.

15.     **Binding Effect:**  The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Class Members (regardless of whether or not any individual Class Member submits a Proof of Claim and Release form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

16.     **Termination of the Settlement:**  In the event that the Effective Date of the Settlement, as defined in the Stipulation, fails to occur, and the Settlement Fund, or any portion thereof, is returned to Chembio or its insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and be of no further force or effect, except as provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members, and Defendants, and the Settling Parties shall revert to their respective positions in the Action as of August 26, 2022, as provided in the Stipulation.

17.    **Modification of the Agreement of Settlement:**  The Settling Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.    **Dismissal with Prejudice:**  This Action and all Released Plaintiffs' Claims are dismissed with prejudice.  The parties are to bear their own costs, except as otherwise agreed to in writing by the Settling Parties or as otherwise provided in the Stipulation or Judgment.

19.    **Entry of Final Judgment:**  There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED:  _____    _____

THE HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE