UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————— x

In re CHEMBIO DIAGNOSTICS. INC.
SECURITIES LITIGATION

————————————————————

This Document Relates To:

ALL ACTIONS.

———————————————————— x

Civil Action No. 2:20-cv-02706-ARR-JMW

CLASS ACTION

[ORDER AWARDING ATTORNEY'S
FEES AND LITIGATION EXPENSE
AND AN AWARD TO LEAD
PLAINTIFF PURSUANT TO 15 U.S.C.
§78u-4(a)(4)

This matter having come before the Court on June 5, 2023, on the application of Lead Counsel for an award of attorneys' fees and expenses (the "Fee Application"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Action to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated December 28, 2022 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion.

3.      Notice of Lead Counsel's Fee Application was given to all Class Members who could be located with reasonable effort. The form and method of notifying the Class of the Fee Application met the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4(a)(7)), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      The Court hereby awards Lead Counsel attorneys' fees of 24% of the Settlement Amount, plus expenses in the amount of $16,339.68, together with the interest earned on both amounts for the same period and at the same rate as that earned on the Settlement Fund until paid.

- 1 -

The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under the "percentage-of-recovery" method.

5.     The awarded attorneys' fees and expenses and interest earned thereon, shall be paid to Lead Counsel immediately upon execution of the Final Judgment and Order of Dismissal with Prejudice and this Order and subject to the terms, conditions, and obligations of the Stipulation, and in particular, ¶7.2 thereof, which terms, conditions, and obligations are incorporated herein.

6.     In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

(a)     the Settlement has created a fund of $8,100,000 in cash, and numerous Class Members who submit, or have submitted. valid Proof of Claim and Release forms will benefit from the Settlement created by Lead Counsel;

(b)     over 33,200 copies of the Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees in an amount not to exceed 27.5% of the Settlement Amount and for expenses in an amount not to exceed $50,000, plus interest on both amounts, and no objections to the fees or expenses were filed by Class Members;

(c)     Lead Counsel pursued the Action and achieved the Settlement with skill. perseverance, and diligent advocacy;

(d)     Lead Counsel expended substantial time and effort pursuing the Action on behalf of the Class;

(e)     Lead Counsel pursued the Action entirely on a contingent basis;

(f)     the Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings who resolution would be uncertain;

(g)     had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

(h)     Lead Counsel represented that they have devoted over 2,100 hours, with a lodestar value of $1,688,936.50, to achieve the Settlement;

(i)     public policy concerns favor the award of reasonable attorneys' fees; and

(j)     the attorneys' fees and expenses awarded are fair and reasonable.

7.     Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards $3,600 to Lead Plaintiff Municipal Employees' Retirement System of Michigan for the time it spent representing the Class.

8.     Any appeal or any challenge affecting this Court's approval regarding the Fee Application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9.     In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: ____6/5/23____

/s/(ARR)
_____
THE HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE

- 3 -