UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X
:
In re:  Chembio                 :  20-CV-02706(ARR)
Diagnostics, Inc.               :
Securities Litigation           :  United States Courthouse
                                :  Brooklyn, New York
                                :
                                :  June 5, 2023
                                :  11:00 a.m.
                                :
                                :
- - - - - - - - - - - - - - - - X

TRANSCRIPT OF CIVIL CAUSE FOR CONFERENCE
BEFORE THE HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S:

For the Plaintiffs:        ROBBINS GELLER RUDMAN & DOWD
                           665 W. Broadway
                           San Diego, California 92101
                           BY:  ELLEN GUSIKOFF STEWART, ESQ.
                                DAVID AVI ROSENFELD, ESQ.

                           ROLNICK KRAMER SADIGHI LLP
                           1251 Avenue of the Americas
                           New York, New York 10020
                           BY:  LAWRENCE M. ROLNICK, ESQ.

For the Defendant:         K&L GATES, LLP
                           599 Lexington Avenue
                           New York, New York 10022
                           BY:  JOANNA DIAKOS, ESQ.
                                JOHN ROTUNNO, ESQ. (via teleconference)

                           LATHAM & WATKINS LLP
                           12670 High Bluff Drive
                           San Diego, California 92130
                           BY:  COLLEEN SMITH, ESQ.

Court Reporter:            JAMIE A. STANTON, RPR, CRR
                           Official Court Reporter
                           Telephone: (718) 613-2274
                           E-mail:  JamieStanton.edny@gmail.com

Proceedings recorded by computerized stenography.  Transcript produced by Computer-aided Transcription.

*          *          *          *

*Proceedings*                                                      2

(In open court.)

THE COURT:  Please be seated.

THE COURTROOM DEPUTY:  This is In re:  Chembio Diagnostics Incorporated Securities Litigation, 20-CV-2706.

Please state your name for the record.

MS. GUSIKOFF STEWART:  Good morning, Your Honor. Ellen Gusikoff Stewart of Robbins Geller Rudman & Dowd, on behalf of the Lead Plaintiffs in the class.

MR. ROSENFELD:  Good morning, Your Honor.  David Rosenfeld of Robbins Geller Rudman & Dowd, on behalf of Lead Plaintiffs in the class.

MR. ROLNICK:  Good morning, Your Honor.  Lawrence Rolnick, Rolnick Kramer Sadighi, on behalf of the Class Plaintiffs.

THE COURT:  Good morning.

MS. DIAKOS:  Good morning, Your Honor.  Joanna Diakos, K&L Gates on behalf of Chembio Diagnostics and the individual Defendants.  And joining us by phone is my partner, John Rotunno.

THE COURT:  Good morning.

MR. ROTUNNO:  Good morning, Your Honor.

MS. SMITH:  Good morning, Your Honor.  Colleen Smith of Latham & Watkins, on behalf of the underwriter Defendants.

THE COURT:  Good morning.

*Proceedings*                                                    3

This is the final settlement approval hearing in *In Re: Chembio Diagnostics Securities Litigation.* During the summer of 2020, four punitive class actions were filed against Chembio, several of its senior executives and directors, and Robert W. Baird & Co., Inc., and Dougherty & Co. LLC. The latter two Defendants were underwriters of Chembio's May 2020 secondary stock offering.

The class actions were consolidated into the current action. The Municipal Employees' Retirement System of Michigan and three entities known as the "Special Situations Funds" were appointed Lead Plaintiffs. The firms Robbins Geller Rudman & Dowd LLP and Rolnick Kramer Sadighi LLP were appointed class counsel.

The Lead Plaintiffs filed a Consolidated Amended Complaint alleging that defendants violated both the Securities Act of 1933 and the Securities Exchange Act of 1934. In February 2022, I granted defendants' motions to dismiss the Exchange Act claims in their entirety with prejudice and dismissed the Securities Act claims except as to Baird and Dougherty. Lead Plaintiffs moved for reconsideration, which I denied, then filed a Second Consolidated Amended Complaint alleging solely Securities Act violations. Defendants did not move to dismiss.

After mediation, the parties advised the Court that they had reached a settlement in principle. On

*Proceedings*                                                      4

February 3, 2023, I granted preliminary approval of the settlement, certified the class for settlement purposes, and approved the class notice.  Before me are various filings in support of final settlement approval, as well as class counsel's application for attorneys' fees and costs, and Lead Plaintiff, Municipal Employees' Retirement System of Michigan's motion for a separate award covering its costs in representing the punitive class.

I am unaware of any objections to the proposed settlement or plan of allocation, and I believe that no class member has opted out.

Is that correct?

MS. GUSIKOFF STEWART:  That is correct, Your Honor.

THE COURT:  Okay.

In light of that, I will approve the settlement.

Rule 23 requires that the settlement be "fair, reasonable, and adequate," and meet the specific considerations of Rule 23(e)(2).  Little has changed since I granted preliminary approval of the settlement, and I find that the Rule 23 factors are met.

First, the class representatives and class counsel must have adequately represented the class.  I conclude that joint class counsel, the firms of Robbins Geller Rudman & Dowd and Rolnick Kramer Sadighi, have adequately represented

the interests of class members throughout the litigation. Counsel undertook an extensive investigation, actively litigated two rounds of briefing concerning the sufficiency of the claims, and ultimately reached a settlement agreement following mediation.  Similarly, the Lead Plaintiffs have adequately represented the class, and they have no interests antagonistic to other class members that would prevent my finding that they were adequate class representatives.

Second, the settlement was negotiated at arm's length between parties represented by Counsel utilizing a third-party mediator, Jed Melnick of JAMS.  I have reviewed Mr. Melnick's declaration in support of the settlement, which confirms that the settlement agreement was negotiated at arm's length.  This factor weighs in favor of settlement.

Third, I find that the relief provided to the class is adequate.  As I noted in my prior opinion and as Lead Plaintiffs have emphasized, Chembio has limited resources and continued litigation could well have resulted in further diminution of Chembio's funds.  I also understand from the briefing that Chembio has indemnification obligations to the investment banks who underwrote the secondary stock offering at issue.

Recovery on the merits of this case was far from assured.  In light of potential defenses concerning loss causation, due diligence, and materiality, Plaintiffs were

not guaranteed success on the Securities Act claims.

To recover on the exchange act claims, Plaintiffs would have needed to successfully appeal following the final resolution of the Securities Act claims.

"The costs, risks and delay of trial and appeal" are therefore considerable factors supporting settlement approval.

In light of these considerations, the $8.1 million recovery for the class members is adequate.

Finally, the proposal treats class members equitably relative to each other.  In the preliminary approval opinion, I required further detail from Lead Plaintiffs regarding the proposed Plan of Allocation between Securities Act Claimants, who will receive $5.09 million, and Exchange Act Claimants, who will receive the remaining $3.01 million.

Lead Plaintiffs have explained that the hypothetical maximum damages under the Exchange Act are larger and the claims involve more shares.  However, because I had dismissed the exchange act claims with prejudice, any recovery on these claims was contingent on a successful appeal followed by more litigation.  Lead Plaintiffs describe the Plan of Allocation as adjusting for this uncertain outcome.

Lead Plaintiffs also engaged Mr. Melnick, an

experienced mediator in securities class actions, to assist with the development of the Plan of Allocation.

I agree that the Plan of Allocation treats class members equitably relative to each other.  The absence of opt-outs or objections further supports this conclusion.

I also conclude that the settlement comports with the nine factors identified by the Second Circuit in *city of Detroit versus Grinnell Corporation*, 495 F.2d 488, 463 (2d Circuit 1974).  I will only address those that do not overlap with the requirements of Rule 23.

As I noted in my prior opinion, although the "stage of the proceedings" is relatively early, that the Exchange Act claims could only be revived following an appeal places the parties in a unique position.  In light of the additional factor that Chembio clearly has a limited ability to withstand a larger judgment and its ability to operate as a going concern is questionable, the lack of discovery does not weigh against approving the settlement.

Now that the class notice has been issued, I am able to evaluate the *Grinnell* factor concerning the reaction of the class.  There have been no opt-outs or objections, which strongly suggest that the class approves of this settlement.  I conclude that the Lead Plaintiffs have shown that the settlement complies with *Grinnell*.

As I noted in the prior order, the proposed method

used to disseminate the settlement notice provided adequate notice that apprised members of the class of the settlement terms and their options in connection with the settlement. The notice met all requirements of Rule 23 and the Private Securities Litigation Reform Act.  Following my approval, the claims administrator, Gilardi & Co. LLC, mailed copies of the Notice, published a summary notice in leading national publications, and posted relevant materials on a website for the settlement.  This was the best notice practicable under the circumstances and comports with notice that has been approved in other securities class actions. Accordingly, I find that notice was adequately carried out.

Class counsel seeks a fee award amounting to 24 percent of the common fund of $8.1 million, or $1.94 million.  Counsel also seeks costs of approximately $16,400, and Lead Plaintiff Municipal Employees' Retirement System of Michigan seeks an award of $3,600 for its time and expenses incurred in representing the class.  When I granted preliminary approval of the settlement, I indicated that the awards sought were reasonable.  I affirm that judgment now.

Plaintiffs' counsel seeks a fee award of 24 percent of the common fund, which is lower than the 27.5 percent they previously sought.  As I noted in my prior opinion, percentage award is in line with other fee awards approved in this district in similar actions and is

*Proceedings*                                                  9

reasonable given the effort plaintiffs' counsel put into the case.

I use the "lodestar" method to cross-check counsel's fee request by reviewing counsel's time records to ensure that the total fee award is reasonable.  However, a cross-check does not require extensive scrutiny of the information provided by counsel.  The lodestar is the product of the number of hours spent by each attorney by that attorney's hourly rate; the lodestar "multiplier" is an adjustment reflecting factors such as the risk of contingent fee awards, the quality of the attorney's work, and the results obtained.

Lead counsel and paralegals spent 2,105.3 hours on this case, which, based on the billing rates provided, produces a lodestar amount of $1.7 million.  Based on the requested attorneys' fees of 1.94 million, the lodestar multiplier requested by plaintiffs' counsel is 1.15.  This modest multiplier is well within the range of multipliers awarded in securities class actions in this Circuit and is reasonable to compensate counsel for the high-quality work they have produced and the risks they undertook in bringing this case on a contingent fee basis.  I agree that the fee adequately compensates counsel for their time and labor in researching the case ahead of filing, litigating the motion to dismiss, mediating with defendants, and designing the

settlement.  The absence of opt-outs or objections to the requested fees also attests to the fairness of the request.

Counsel are also entitled to reasonable out-of-pocket expenses incurred which would customarily be charged to their clients.  The expenses requested include filing fees, paying the mediator, and the costs of using legal research services.  I have reviewed Lead Counsel's submissions and agree that the costs of $16,400 are reasonable and properly compensable from the settlement fund.

Finally, Lead Plaintiff MERS requests an award of $3,600 as compensation for its time and expenses incurred in representing the class.  The PSLRA allows a class representative an "award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class."  Per MERS' submission, its deputy general counsel spent dozens of hours over three years corresponding with class counsel, reviewing briefs and pleadings, consulting with lead counsel on settlement strategy, and reviewing and approving the proposed settlement.  These are compensable activities and Lead Plaintiffs are routinely given cash awards for these activities pursuant to the PSLRA.  Again, no class member has objected to the request.  Accordingly, I grant MERS the $3,600 compensatory fee sought pursuant to 15 USC

*Proceedings*                                                                  11

Section 78u-4(a)(4).

In light of the submissions from Lead Plaintiffs, the lack of objections, and based on my review of the settlement and supporting papers, I will grant final approval to the settlement, certify the class for settlement purposes, and approve the award of attorneys' fees, costs, and an award to Lead Plaintiff MERS.

And I am signing what was proposed and now is final judgment an order of dismissal with prejudice.  What was proposed and now is order approving Plan of Allocation. And finally, what was proposed and now is order awarding attorneys' fees and litigation expenses.

MS. GUSIKOFF STEWART:  Thank you, very much, Your Honor, and thank you for your time during the course of the litigation.

MS. DIAKOS:  Thank you, Your Honor.

MR. ROTUNNO:  Thank you, Your Honor, and thank you for your attention to this matter throughout this case, several years.

THE COURT:  Have a good day, everyone.

(Matter concluded.)

                    *     *     *     *     *

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ Jamie A. Stanton                    June 5, 2023
_____        _____
     JAMIE A. STANTON                       DATE

*Jamie Ann Stanton, RMR, CRR, RPR*
*Official Court Reporter*